**GENERAL OIL CO. v. FERGUSON et al.**
**(No. 9452.)**

(Court of Civil Appeals of Texas. Ft. Worth. July 2, 1920.)

1. **Receivers ⚖27—Court held to have erred in granting receivership in trespass to try title.**

In an action of trespass to try title to land on which an oil well had been drilled by a solvent defendant, who was in possession, the court erred in granting a receivership prayed for by plaintiff, where the testimony was conflicting, and a verdict and judgment for either party, obtained on a hearing on the merits, would be sustained by the appellate court on the facts, under Vernon's Sayles' Ann. Civ. St. 1914, art. 2128.

2. **Receivers ⚖6 — Sequestration furnished adequate legal remedy in trespass to try title.**

In trespass to try title to land on which an oil well had been drilled by defendant, who was in possession, and who was solvent, evidence being conflicting on the question of right to possession, plaintiffs *held* to have an adequate legal remedy by sequestration, under Vernon's Sayles' Ann. Civ. St. 1914, art. 7094, § 4, and equity could not be called upon to give relief by appointment of receiver.

Appeal from District Court, Wichita County; P. A. Martin, Special Judge.

Trespass to try title by C. J. Ferguson and another against the General Oil Company, in which E. M. Foster filed a plea in intervention. From an order appointing a receiver, the defendant appeals. Reversed and remanded.

O. L. Stribling, of Waco, and John Davenport, of Wichita Falls, for appellant.
Carrigan, Montgomery, Britain & Morgan, of Wichita Falls, for appellees.

BUCK, J. This was an action of trespass to try title, brought by appellees, C. J. Ferguson and R. S. Allen, against the appellant, the General Oil Company, to recover title and possession of 25 acres of land situated in Wichita county, on the south bank of Red river. It was alleged in plaintiffs' petition that the defendant had entered upon said premises and drilled a well for oil and gas, and had discovered an oil well producing large quantities of oil; that plaintiffs were reliably informed, and therefore believed and averred, that defendant was not financially able to respond in damages, and that it was now making preparations to sell said oil and dispose of the same; that a receiver was necessary to take charge of said well and hold the funds derived from the proceeds of the oil, in order to protect the rights of plaintiffs; and a prayer for the appointment of a receiver was made.

The defendant answered by general and special exceptions, a general denial, and a plea of not guilty, and specially denied the allegation of insolvency, and that it was not confiscating oil that belonged to plaintiffs. It further alleged that it was amply solvent to respond in damages to the plaintiffs in case their title and right of possession should be established, and further alleged that, if the court should appoint a receiver to take charge of the property in controversy and the oil

well situated thereon, it would cause the defendant great and irreparable damage, and would result in the practical destruction of said well as a profitable producing oil well, and would seriously hinder and retard defendant from the development of its other properties, and would in all probability cause the defendant to forfeit valuable contract rights in connection with its oil development, and involve it in vexatious and expensive litigation.

E. M. Foster filed a plea in intervention, alleging that on or about the 25th day of November, 1918, he and Lucy O'Neill Saunders, now deceased, entered into a contract in writing with the plaintiff R. S. Allen, whereby they agreed to purchase from him that certain tract of land known as subdivision No. 19, Specht Colony Lands, in Wichita county, Tex., described by field notes set out in the petition. It was further alleged that intervener had complied with all the terms and conditions in said contract, and that R. S. Allen had already received from the intervener more than $125,000, and that intervener was entitled to any and all royalties for any and all production of petroleum that might be produced on the property, either by the General Oil Company or otherwise. The intervener objected to the appointment of a receiver.

On January 15, 1920, a hearing was had upon plaintiffs' prayer for the appointment of a receiver, and a receiver was appointed to take charge of and operate the oil well situated on the land described in the petition, to which action of the court the defendant excepted, and gave notice of appeal to this court. The trial court fixed the amount of the supersedeas bond to be executed by appellant at the sum of $50,000, which bond was filed and approved on the 20th day of January, 1920, and the case is now before us on appeal from the interlocutory order appointing a receiver.

The controversy is as to whether R. S. Allen owns the land involved as a part of a certain tract of land purchased by him from Specht by a deed dated February 18, 1910, or whether the defendant has the right to extract the oil from the land under an assignment of a lease dated July 31, 1919, from Sam Sparks, who received, on April 30, 1919, a permit from the state of Texas to prospect for petroleum and natural gas on the land in controversy.

[1] In limine, we may say that we have carefully read and considered the testimony given in the statement of facts by both parties as to the title to the land in question, and find such testimony conflicting to such an extent that in our judgment a verdict and judgment for either party, obtained on a hearing upon the merits, would be sustained by this court upon the facts. With that state of the record in view, it is our judgment that the trial court was not authorized to grant the receivership prayed for. As is said in High on Receivers (2d Ed.) § 557:

"It has already been intimated that equity is extremely averse to any interference with the possession of real property by a defendant claiming under a legal title, and it may be laid down as a general proposition, supported by an overwhelming array of authority, both in England and America, that courts of equity proceed with extreme caution in granting receivers as against a defendant in possession, and will rarely interfere with such possession by appointing a receiver in limine, upon a mere legal title asserted by plaintiff; and whenever the contest is simply a question of disputed title to the property, plaintiff asserting a legal title in himself against a defendant in possession and receiving rents and profits under claim of legal title, equity refuses to lend its extraordinary aid by interposing a receiver, just as it refuses an injunction under similar circumstances, leaving the plaintiff to assert his title in the ordinary forms of procedure at law. * * * Nor will defendant be deprived of his possession by a receiver, unless it is made to appear that there is great risk of ultimate loss to the property, and of insolvency on the part of defendant, so that he will be unable to respond to a final decree; and in the absence of fraud, or of any privity between the parties, or of any equities touching the conscience of defendants in possession, equity invariably refuses to extend the aid of a receiver, until plaintiff has established his title at law."

The uncontroverted evidence shows that the appellant is a corporation under the state laws with a capital stock of $1,000,000, and about $400,000 of that stock has been issued; the balance is treasury stock, and its par value is $10, but has been selling for $100, 10 to 1. They have 13 drilling rigs and some acreage, and own some stock in the Power Oil & Refining Company, which latter company owes the appellant the larger part of $50,000. Therefore we must conclude that the allegation of insolvency of the appellant company has not been proven, but, on the contrary, that its solvency is established.

[2] The plaintiffs had an adequate legal remedy, to wit, sequestration, under article 7094, § 4, V. S. Tex. Civ. Statutes. It is a well-known principle that equity will not afford relief when the legal remedy is adequate and complete. Waples-Platter Co. v. Mitchell, 12 Tex. Civ. App. 90, 35 S. W. 200; High on Receivers, §§ 403a, 404, 407; People's Inv. Co. v. Crawford, 45 S. W. 738; Colony Co. v. Schuler, 34 Tex. Civ. App. 560, 79 S. W. 370. It might be noted that intervener Foster's sworn plea of intervention, in which he alleged that he had theretofore made a contract with plaintiff Allen for the purchase of Allen's land, and that Allen had received from him $125,000 as payment, in part or in whole, and that intervener was entitled to a warranty deed under said contract, was not denied by the appellees, either by supplemental petition or in his proof. Ferguson claims

under an oil and gas lease from Allen, covering all of subdivision 19 of the Specht Colony Lands. Therefore it would appear that both Ferguson's and Allen's right and title were directly challenged by intervener Foster's sworn plea, and that no controverting plea or proof has been offered. In Folk v. United States, 233 Fed. 177, 147 C. C. A. 183, it is said:

"If it seems doubtful whether or not the plaintiff will recover at the final hearing, or whether or not there is imminent danger that the plaintiff will suffer irreparable loss, the application for a receiver will be denied, and in the hearing and decision of such a case all the presumptions are in favor of the defendant in possession under a legal title. A court of equity is sedulous to prevent the successful invocation of its interlocutory injunction, or its appointment of a receiver to perform the function of a successful action of ejectment, and at the same time to avoid the trial of titles indispensable to such an action."

See, also, Pomeroy's Equity Jurisprudence, vol. 5, § 64.

The only ground mentioned under article 2128, V. S. Civ. Statutes, for the appointment of a receiver, upon which the appellees can reasonably rely, is section 4 of said article, which reads as follows:

"In all other cases where receivers have heretofore been appointed by the usages of the court of equity."

And under that rule we conclude that plaintiffs below did not show themselves entitled to the remedy of receivership. Therefore the judgment of the trial court is reversed, the order appointing the receiver set aside, and the cause remanded, and this judgment certified to the trial court for observance.