## SIMMONS v. EAST TEXAS OIL REFINING CO. et al.

### No. 4544.

Court of Civil Appeals of Texas. Texarkana.
Dec. 21, 1933.

Rehearing Denied Jan. 4, 1934.

Wynne & Wynne, of Longview, for appellant.

Phillips, Trammell, Chizum, Price & Estes and Cecil N. Cook, all of Longview, for appellees.

JOHNSON, Chief Justice.

On April 22, 1933, East Texas Oil Refining Company, as owner of the seven-eighths leasehold interest, filed this suit against Jay Simmons, F. Rhodes, and J. E. Webb, in trespass to try title to recover a tract of land described as containing 18 acres, more or less, of the Mary Van Winkle headright survey in Gregg county, of which Eddie Mitchell owns the surface and one-eighth royalty. On May 2, 1933, an amended petition was filed in which East Texas Oil Refining Company and Reserve Petroleum Company were named as plaintiffs, and, in addition to the original defendants, others were named defendants, including the six heirs of Pomp Mitchell, deceased. This amended petition was sworn to, and, in addition to alleging the ownership of the seven-eighths leasehold interest in the 18 acres of land described, plaintiffs pleaded the several statutes of limitation; and that they were in possession and had drilled several producing oil wells on the land; that the defendants are asserting title to a part of the land as shown by the record of an oil and gas lease executed by Eddie Mitchell et al. (heirs of Pomp Mitchell, deceased), which lease had been assigned to Jay Simmons, and which plaintiffs allege is a cloud upon their title and will hinder them in the sale of the oil from their wells. (It will be here noted that the land conveyed by the lease held by Jay Simmons and instruments recorded relating thereto which plaintiffs claim constitute a cloud on their title is not described as being located in the Mary Van Winkle headright survey, but as being 2½ acres located in the John S. Carruthers headright survey, west of and adjoining the Eddie Mitchell 18 acres in the Mary Van Winkle headright survey.) Plaintiffs further allege that defendant, Jay Simmons, had gone upon the west end of their land as trespassers and had drilled an oil well thereon, and had connected it with the gathering line of a refinery near by; that the defendants and the owner of said refinery are financially irresponsible persons; that no responsible purchaser would pay defendants for oil run from said well, but that plaintiffs believe and charge that defendants have combined with the owners of said refinery for the sale of large quantities of oil from said well at low prices, to be produced in violation of the proration rules of the Railroad Commission of

Texas; that the production of large quantities of oil from said well will result in a great fire hazard, and in the destruction of oil sand below plaintiffs' property, causing infiltration of salt water, and great decrease of natural pressure and ultimate recovery; that, because of the insolvency of the defendants and the owners of said refinery and of their inability to respond in damages, the oil produced from said well pending litigation would be irretrievably lost to plaintiffs, in the event they should recover title to the property; that they have no adequate legal remedy, and will be irreparably injured, unless a receiver is immediately appointed. The petition concludes with prayer for the immediate appointment of a receiver of the oil well in question, "and that upon final hearing plaintiffs have judgment that the defendants have no right or claim against the property, but that the same be owned in fee simple by plaintiffs; and that the claim as asserted by defendants and the record of said instruments between or to them in Gregg County, Texas, be removed as clouds from plaintiffs' title; and for an accounting for all oil so converted by defendants; and that plaintiffs recover their costs and general relief."

Upon the verified petition, without notice, the court appointed a receiver of the above-described oil well, together with all the property of the defendants used in connection therewith. On May 23, 1933, defendant, Jay Simmons, filed a motion to vacate the receivership, in which he specially denied all the allegations in plaintiffs' petition on which the application for receivership was based, and alleged in substance that he was the owner of the leasehold on which the well had been drilled, and that plaintiffs, with notice, had sat idly by and permitted him to expend large sums of money in good faith to drill and complete the well ready to produce oil before taking any action; that no oil had been produced from the well at the time the receivership was sought and obtained; that it is the plaintiffs' claim that the property on which the well is located is covered by their lease; that the defendant claims that the property is covered by his lease; and that the plaintiffs have an adequate remedy at law. Upon hearing, the court overruled the motion to vacate, and continued the receivership in full force and effect pending final determination of the case. From the interlocutory order of the trial judge denying his motion to vacate the receivership, defendant, Jay Simmons, has appealed.

It appears from the record made on the motion to vacate the receivership that the controversy in the case is between appellees and appellant, Jay Simmons, as to the true location of the boundary line between the Mary Van Winkle headright survey and the John S. Carruthers headright survey. The west boundary line of the Mary Van Winkle headright survey and the east boundary line of the John S. Carruthers headright survey coincide and is a common boundary line. Eddie Mitchell owned 18 acres of land, more or less, located in and on the west side of the Mary Van Winkle survey. Pomp Mitchell, deceased, during his lifetime owned the land adjoining immediately west thereof, located in and on the east side of the John S. Carruthers survey. Said common boundary line between said two headright surveys is the division line between the Eddie Mitchell eighteen acres in the Mary Van Winkle survey and the Pomp Mitchell land in the John S. Carruthers survey. Appellees owned the leasehold interest of seven-eighths of the minerals in and under the Eddie Mitchell 18-acre tract in the Mary Van Winkle survey, of which Eddie Mitchell owns the surface and one-eighth royalty. Appellant, Jay Simmons, owns the leasehold interest of seven-eighths of the minerals in and under the 2½ acres of the Pomp Mitchell land in the John S. Carruthers survey, of which the six heirs of Pomp Mitchell, deceased, owned the surface and the one-eighth royalty. Eddie Mitchell is one of the six heirs of Pomp Mitchell. Appellant drilled the oil well in question. It was "in the sand," and was ready to be, but had not been, "brought in" to producing oil at the time the receiver was appointed. Appellant claims that it is located at a point west of the common boundary line between the two headright surveys, and on his 2½-acre leasehold in the John S. Carruthers survey. Appellees claim that the well is located at a point east of the common boundary line between the two headright surveys, and on the leasehold in the Mary Van Winkle survey. To determine the true location on the ground of the common boundary line between the two headright surveys will determine the lawsuit. It is shown that, since taking charge, the receiver has drilled the well in, and that it is now producing oil. It further appears that, when the receiver took charge, certain pipe lines were found by him buried near the well, which could be readily connected with a refinery close by, and in such manner as has been found to be used in that oil field to dispose of oil in violation of the production orders of the Railroad Commission of the state of Texas. Each side, appellees and appellant, has introduced evidence in support of its respective

contentions as to the location on the ground of the boundary line in question, which may be held sufficient upon a trial of the case on the merits to authorize a finding by a jury in favor of either side.

█ It is the contention of appellant that, this suit being an action of trespass to try title for the location and determination of the boundary, appellees had an adequate remedy at law; hence the appointment of a receiver was unauthorized. It is the contention of appellees that, since they claim only a seven-eighths undivided, joint, interest in the land, they had a statutory right to have a receiver appointed of the property, upon showing that the property was in danger of being lost, removed, or materially injured.

Subdivision 1, article 2293, R. C. S. 1925, relied upon by appellees, provides: "Receivers may be appointed by any judge of a court of competent jurisdiction of this State, in the following cases: In an action * * * between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured."

It will be noted that discretionary authority is committed to the trial courts to appoint receivers under the subdivision of the statute above quoted in cases between parties jointly owning or interested in the property or fund. Consolidated Petroleum Co. v. Austin (Tex. Civ. App.) 283 S. W. 879. In appellees' suit there is no joint interest of the adversary parties to the suit to bring it within the provision of the statute constituting it a suit between parties jointly owning or interested in the property. Appellees seek to sustain their contention in this respect by naming Eddie Mitchell as one of the defendants, and who is a one-eighth royalty owner of the 12-acre leasehold of appellees. This is a joint interest between them in the 12-acre lease, but there is no issue between them as to their rights in it. They have a common interest in this respect and about which there is no dispute between them. Appellees claim no interest, joint or otherwise, in the 2½ acres of the Pomp Mitchell land located in the John S. Carruthers survey. Eddie Mitchell did not cloud appellees' title or disturb the possession of their leasehold in the Mary Van Winkle survey by joining the other heirs of Pomp Mitchell in executing the lease held by appellant, Jay Simmons, on the 2½ acres of the

John S. Carruthers survey, described as being located west of appellees' lease. Appellees' suit is based on the disputed facts between appellees and appellant as to whether appellant has drilled a well on the Van Winkle headright survey on appellees' lease, or whether it is located on appellant's lease in the John S. Carruthers survey. Appellees claim no privity of interest with appellant. Naming as a party defendant their cotenant, Eddie Mitchell, against whom they have no issue, would not bring appellees' case within the meaning of the statute as being a case between parties owning or claiming a joint interest in the property, any more than had he been named plaintiff along with appellees, where his common interest in recovery appears to be.

█ If appellant, Jay Simmons, has crossed over the Carruthers survey line and drilled a well in the Mary Van Winkle survey, he did so as a naked trespass upon appellees' lease of which they then had and held the right of possession. To prevent the alleged trespass of appellant upon their lease, the statutes afforded appellees two legal remedies, either of which it appears in the circumstances of the case would have given adequate relief, to wit: (1) The statutory remedy of injunction under subdivision 4, article 4642, R. C. S. 1925, which provides: "Judges of the district and county courts shall, in term time or vacation, hear and determine applications for and may grant writs of injunction returnable to said courts in the following cases: Where * * * irreparable injury to real estate * * * is threatened, irrespective of any legal remedy at law"; and (2) the remedy of sequestration, article 6840, R. C. S. 1925. It is thought that the facts of this case come within the rules stated in General Oil Co. v. Ferguson (Tex. Civ. App.) 224 S. W. 261, and are not similar to, but distinguishable from, the facts alleged in Hunt v. State (Tex. Civ. App.) 48 S.W.(2d) 466, with respect to the alleged joint interest of the state with the defendants, Joe Lee and his assigns, in possession and charged with the duty of protecting the property from waste and drainage by the trespassers, or through wells on adjoining property, which the Austin Court of Civil Appeals concluded were sufficiently set forth in plaintiff's petition to, upon ex parte hearing, bring the application within the provision of said subdivision 1 of article 2293, R. C. S. 1925.

Stated without prejudice to appellees' rights upon trial of the case, it appears from the record before us that appellant's claim is based upon good faith, and that his right to

recover upon final trial is as probable as that of appellees. It further appears that appellees knew when appellant first began drilling the well, and then knew, that it was located at a point which appellees claim is on their lease. Appellees did not avail themselves of the legal remedies to prevent the alleged trespass of appellant, but waited until he had been to the labor and expense of drilling the well ready to be brought in to producing oil, and then sought the remedy of receivership, and at a time and under conditions which the legal remedies would still have afforded adequate protection. In the circumstances, it is not thought that appellees can now, in equity, cause the receivership to be continued by reason of conditions brought about by the drilling in of the well by the receiver whom appellees cause to be appointed.

Appellees' case does not, in point of fact, come within the provision of subdivision 1 of article 2293, authorizing the appointment of a receiver as a legal right, and for the reasons stated it is not thought that the receivership can be sustained under the usages of courts of equity.

Therefore the order of the trial judge appointing the receiver is set aside, and the cause remanded for trial upon the merits.