**MAGNOLIA PETROLEUM CO. et al. v. ZEPPA et al.**

No. 1592.

Court of Civil Appeals of Texas. Waco.

April 12, 1934.

Walace Hawkins and A. S. Hardwicke, both of Dallas, for appellants.

McGaw, Mitchell & Harrington, of Longview, for appellees.

ALEXANDER, Justice.

Joe Zeppa, T. M. Collins, and others filed suit against Magnolia Petroleum Company and others in trespass to try title to recover

the title and possession of two-tenths acres of land in Upshur county. Zeppa claimed to be the owner of an oil and gas mining lease on the land, and the others claimed to be the owners of the fee. In the same suit the plaintiffs prayed for the appointment of a receiver pending a trial on the merits with authority to take charge of the land and let a contract for the drilling of a well thereon for the production of oil and gas, and in that connection alleged that said land was situated in the oil producing area of Texas; that it was surrounded by producing wells which were withdrawing the oil therefrom; "that under the law and under the rules and regulations of the Railroad Commission of Texas it is necessary that they procure a drilling permit from said Railroad Commission of Texas before they can start drilling operations upon said tract of land, and that it is the practice of the said Railroad Commission of Texas to refuse to grant a permit to drill an oil well on a tract of land smaller than 660 feet square, when the title to said tract of land is involved in litigation over the title thereto; that under Rule No. 37 of the said Railroad Commission of Texas, as provided for in the East Texas oil fields, no well may be drilled nearer than 330 feet to the property line without a special permit from the said Railroad Commission of Texas, and that the tract of land involved in this law suit is not sufficient in size to permit the drilling of a well without first procuring said drilling permit; * * * and by reason of the claims asserted by the defendants these plaintiffs are unable to procure a drilling permit and to begin an oil well on said land; * * * and these plaintiffs would further show that in addition to being unable to procure a drilling permit and a right to drill said oil well by reason of the claims asserted by the defendants, it may and in all probability will be impossible for the plaintiffs to finance the drilling of a well unless a receiver be appointed as herein suggested, and that they have no adequate remedy at law to protect their vested rights during the pendency of this cause of action; * * * that he (Joe Zeppa) has made diligent efforts to procure a permit from the Railroad Commission of Texas granting him permission to drill said oil well on said land but that the Railroad Commission of Texas refused to grant him such permit on account of the claims asserted by the defendants and in particular the defendant, Magnolia Petroleum Company;" and that, unless such receiver was appointed with authority as above set out all of the oil would be withdrawn from said land by others before the dispute as to the title to the land could be settled. Upon a preliminary hearing, after notice to the defendants, the court granted the application and appointed a receiver with authority as prayed. The defendant Magnolia Petroleum Company alone appealed.

The land in question is a strip about 45 feet in width and 208 feet in length. Plaintiffs' only title to the property is such as has been acquired by virtue of the ten years' statute of limitation. It appears that in 1906 the plaintiff T. M. Collins purchased 84 acres of land off of the east side of a 201-acre tract in the Hooper survey in Upshur county. Since that time the defendants have acquired the legal title to the remaining 117 acres on the west side of said tract. After Collins purchased the 84 acres of land, he fenced the same, and in doing so included therein two-tenths of an acre of land off of the east side of the 117-acre tract belonging to the defendants. This is the land in dispute. He claims to have been in possession thereof holding the same adversely for more than ten years prior to the filing of this suit. Several years ago Collins leased for oil and gas mining purposes the 84 acres of land included within his deed, and same has already been drilled for oil. The defendants have likewise leased the 117 acres owned by them, and same has been drilled for oil. Each of said tracts now have producing wells thereon, some of which are located within close proximity to the two-tenths acres of land in dispute. In 1932, Collins leased the two-tenths acres of land here in dispute to Joe Zeppa, who undertook to secure a permit from the Railroad Commission to drill same for oil. He was unable to secure such permit. It appears without dispute that the plaintiffs were in possession of the land at the time of the filing of this suit and that they have remained in possession thereof continuously since said date.

Revised Statutes, art. 2293, provides as follows:

"Receivers may be appointed by any judge of a court of competent jurisdiction of this State, in the following cases:

"1. In an action by a vendor to vacate a fraudulent purchase of property; or by a creditor to subject any property or fund to his claim; or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the

property or fund is in danger of being lost, removed or materially injured.

"2. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed or materially injured; or that the condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage debt.

"3. In cases where a corporation is insolvent or in imminent danger of insolvency; or has been dissolved or has forfeited its corporate rights.

"4. In all other cases where receivers have heretofore been appointed by the usages of the court of equity."

It is clear that plaintiffs were not entitled to the appointment of a receiver, pending a trial on the merits, under the provisions of either subdivisions 1, 2, or 3 of the above statute, unless, as contended by them, this suit comes within that part of subdivision 1 authorizing the appointment of a receiver in an action "between partners or others jointly owning or interested in any property or fund." Clearly, the parties to this suit are not partners, and they do not claim to be joint owners or jointly interested in the land in question. Each side as against the other is asserting the right to the exclusive title and possession of the land. The plaintiffs' contention seems to be that the action comes within the above-quoted provision of subdivision 1, on the theory that plaintiffs and the defendants are the joint owners or are jointly interested in "the oil and gas in the common reservoir underlying a particular tract and the adjacent tracts of land." There are two reasons, however, why this theory cannot stand. In the first place, the doctrine of ownership in place obtains in this state, the oil and gas beneath the soil being considered a part of the realty, so that, in the absence of a severance by sale or otherwise, each owner of land owns separately, distinctly, and exclusively all of the oil and gas beneath his land and is not a mere joint owner with other adjoining land owners in a common pool of oil beneath the several tracts of land, with a mere right to mine therefor. Texas Company v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989. In the second place, this is a suit to recover the title and possession of a specific tract of land in which only those asserting an adverse title thereto are made parties defendant, and is not a suit to recover an undivided interest in a common oil reservoir. If plaintiffs' theory be correct,

and the action is really one to recover and establish a right to a joint interest in a common reservoir, manifestly all others having an interest in the common pool would be necessary parties to the action. No attempt has been made to join any other owners of land in the community except those claiming an interest in the specific tract of land here involved. It is apparent, therefore, that plaintiffs were not entitled to the appointment of a receiver under either subdivisions 1, 2, or 3 of the above statute.

We will next consider whether or not the plaintiffs were entitled to the appointment of a receiver under the general equity powers of the court as recognized in section 4 of the above article. The matter of appointing a receiver at a preliminary hearing with authority to take charge of and develop property, the title to which is the disputed issue in the case, is a delicate one, and the right to do so should be exercised with great caution. 53 C. J. 32. This is true because the cost of receivership, including the expenses incurred in developing the property, usually become a charge upon the property in the hands of the receiver regardless of the outcome of the litigation (53 C. J. 299), and consequently if the right to so appoint a receiver is not cautiously exercised, the defendant, although successful in the litigation, may find his property incumbered for the cost of improvements not desired by him. This principle has particular application to the facts here under consideration, for in this case the defendants do not desire to have the land in dispute drilled for oil. They already own wells on the adjoining tract sufficiently close to the land in dispute to drain the oil therefrom. Any expense thus incurred in developing the land will be of no value to the defendants. It will be noted in this connection that the court did not require plaintiffs, as a condition precedent to the appointment of a receiver, to post a bond or otherwise indemnify the defendants against the payment for such expense. Consequently, if the receiver appointed should drill the land for oil as contemplated and upon a trial of the case the defendants should recover title to the land in dispute, they would find their property obligated for expenses incurred for improvements that would be of no value to them. For this reason the appointment of a receiver with such authority as was granted by the trial court ought not to be allowed to stand unless the plaintiffs have established a right thereto with clearness and certainty.

In order for the plaintiffs to establish

a right to the appointment of a receiver with the powers designated, it was necessary for them not only to prove á title to the property with reasonable certainty, but to establish that the relief prayed for was necessary and would accomplish the purposes actuating such procedure. In this connection it appears that the defendants have the record title to the land, while plaintiffs' only title thereto is such that was acquired by T. M. Collins by adverse possession under the ten years' statute of limitation. At the time Collins fenced the land, he thought that the disputed tract was included within his grant. Apparently he did not discover the contrary until about two years prior to the filing of this suit. The evidence raises an issue as to whether he ever intended to claim any more land than was actually included in his grant. Upon a trial on the merits, plaintiffs' right to recover will depend on Collins' intention to assert adverse claim to the property in dispute. 2 Tex. Jur. 125, 127. This will raise an issue to be determined by the trier of the facts. 2 Tex. Jur. 323, § 184. We are of the opinion that the evidence does not establish plaintiffs' title to the land with such certainty as to justify the action contemplated by the order of the trial court. 53 C. J. 26, 27. Furthermore, it appears that the plaintiffs are in the exclusive possession of the property, and there is therefore no necessity for the appointment of a receiver. They assert that, in view of the defendants' claim to the property, it probably will be impossible for them to finance the drilling of a well on the land in the absence of the appointment of a receiver. It has been held, however, that, where plaintiff is in possession of the property sought to be placed in the hands of a receiver, the mere fact that the defendants' claim of title to the property renders it difficult for plaintiffs to finance the drilling of a well furnishes no justification for the appointment of a receiver. Hermann v. Thomas (Tex. Civ. App.) 143 S. W. 195, 197. Neither does the fact that the plaintiffs are unable to secure a permit from the Railroad Commission authorizing them to drill a well on said land justify the appointment of a receiver. In the absence of a showing to the contrary, we must assume that a receiver appointed by the court would likewise be unsuccessful in securing such permit. If the receiver appointed by the court could not secure such permit, it would be useless to incur the expenses incident to his appointment. Magnolia Petroleum Co. v. Parr (Tex. Civ. App.) 66 S.W.(2d) 378.

We are of the opinion that the facts of this case did not authorize the appointment of a receiver under the general equity powers of the court.

The judgment of the trial court is therefore reversed, and the cause remanded for a new trial.