## MARINE PRODUCTION CO. v. RICHEY et al.

### No. 4881.

Court of Civil Appeals of Texas. Texarkana.

Jan. 17, 1935.

Edwin Lacy and Geo. Prendergast, both of Longview, for appellant.

Wynne & Wynne, of Longview, for appellees.

HALL, Justice.

On November 17, 1896, J. S. Tubbs and wife conveyed to G. W. Richey, appellee, 11 acres of land, more or less, a part of the Wm. Carlton survey in Gregg county, Tex. On July 28, 1897, the same grantors conveyed to W. H. York 17½ acres, more or less, of the same survey lying immediately south of the Richey tract. Before any litigation arose relative to the Richey tract of 11 acres, the appellant, by proper assignments, had become the owner of the oil and gas lease to both tracts. Suit was instituted in the district court of Gregg county in March, 1934, by the appellees against the appellant, which resulted in judgment for appellees for the title and possession to 2½ acres of land lying in a triangular shape between the York and Richey tracts, which Richey claimed he had acquired by limitation and not by deed from Tubbs. An appeal was taken from said judgment to this court, and in due time an appeal bond was executed and filed, and said cause is now pending in this court under No. 4802. After rendition of the judgment and the appeal, as noted above, appellees filed their application for the appointment of a receiver and for an injunction. In their application they state that they are by virtue of said judgment the owners of the 2½ acres of land; that the appellant is draining same of oil; that they are unable to protect said property by proper development; and that the pendency of said appeal makes it impossible for them to contract with persons who are able to develop same. The appellant answered by stating that the appellees, under the judgment theretofore rendered by the district court, are the owners of the property and were in possession thereof. A hearing was had upon the application of appellees

and the court granted an injunction, appointed a receiver, and fixed his bond at $1,000, from which order the appellant appealed to this court.

The important question, as we see it, in this case is: Has the district court the authority, under the statute or the rules of equity, to grant a receivership at the instance of appellees who had recovered judgment for the land in controversy and who were in 'possession thereof, after an appeal had been taken to this court on appeal bond from the trial of the original case on its merits? The district court of Gregg county had the authority to grant a receivership or an injunction after a trial on the merits, and after an appeal had been taken to this court, should it become necessary to preserve and protect the property involved in the litigation. This general rule is announced and approved by the numerous authorities cited by appellees in their brief, but in this case we do not believe that this rule should apply. There is nothing in common between the litigants in the case at bar. Each claims the property. They do not claim to be tenants in common, joint owners, or partners. The appellees allege in their application for injunction and receivership that they are the owners of the property. They do not allege that appellant is doing or threatening to do any act which would or might interfere with their possession and use of said property pending appeal. What they do say is that they are unable to develop the property for oil, and that on account of the pending appeal from the trial of the original suit on its merits it makes it impossible for them to contract with other persons to develop said land.

The cases most nearly in point, we think, are: Hermann v. Thomas (Tex. Civ. App.) 143 S. W. 195, 196; Magnolia Petroleum Co. v. Zeppa (Tex. Civ. App.) 70 S.W.(2d) 777. Quoting from the case cited first above:

"The evidence, which consisted of copies of the record in the former suit for the land, brought by defendant against these plaintiffs, and of affidavits as to the oil operations of defendant upon his lands south of and adjoining the land in controversy, and the probable effect of such operations in drawing therefrom any oil that might be under the land in controversy, shows that plaintiffs, as alleged in their petition, recovered judgment for said land in the suit before mentioned, and that defendant is now prosecuting an appeal from said judgment; plaintiffs being in possession of said land. The evidence also justifies the conclusion that, because the title to the land is still in litigation, plaintiffs are unable to make a contract to have same prospected for oil upon a contract for a royalty; and that by defendant's oil operations upon his land adjoining the land in controversy the defendant will extract oil from under said land, if any is there situated. * * *

"The fact that they do not possess sufficient means to prospect for oil on the land and that defendant, by prosecuting a suit to recover the land under his claim of title, the good faith of which suit is not questioned, has rendered it difficult, if not impossible, for plaintiffs to make a contract with oil drillers to· develop said land as an oil field on a rental or royalty basis, gives no cause of action in favor of plaintiffs against the defendant, and therefore does not show them entitled to have a receiver appointed to make contracts for the development of the land. Plaintiffs are in possession of the land, and defendant has not wrongfully done anything which interferes with their use and enjoyment of the property; and they are not entitled to have a receiver appointed to make contracts for developing the land as an oil field, merely because they are unable to develop the land themselves, or to make a contract for such development."

We are not unmindful of the opinion of this court in the case of Magnolia Petroleum Co. v. Alfred Jackson, 80 S.W.(2d) 388, delivered September 13, 1934. In that case the Magnolia Petroleum Company made application to this court for an order to advance submission and stay receivership proceedings. This court held, and we think very properly so, that the trial court has the undoubted right after judgment on the merits to appoint a receiver to preserve the subject-matter of the litigation when the party making the application for said receivership was not in possession of the property over which a receivership was sought. But nowhere in said opinion does he intimate that a party in possession with a judgment in his favor is entitled to have a receiver "administer" his property. In the case at bar the appellant has done nothing more than prosecute its legal right of appeal. No interference is threatened and the evidence conclusively shows that none is contemplated. Moreover, the possession of the appellees is absolute. The jury in the trial of the case on its merits found that the appellees were in possession and the trial court by its judgment awarded title to them. The mere fact that they find it difficult and hazardous to develop said premises for oil would

not in anywise justify the appointment of a receiver.

The cases cited by appellee are not in point. In each of them the parties were either partners or claiming some joint interest in the property in controversy. Therefore, it is clear that the trial court was not warranted in granting an injunction and receivership in this cause, and that said injunction should be dissolved and the receivership vacated, and it is so ordered.