**COMBS et al. v. STATE et al.**

**No. 5143.**

Court of Civil Appeals of Texas. Texarkana.
March 17, 1936.

Rehearing Denied March 26, 1936.

Pollard & Lawrence, of Tyler, Brachfield & Wolfe, of Henderson, and Weeks, Hankerson & Potter, of Tyler, for appellants.

Wm. McCraw, Atty. Gen., Sam Lane, Asst. Atty. Gen., Abney & Caven, of Marshall, and Hill & Bath, of Henderson, for appellees.

JOHNSON, Chief Justice.

The appeal is from an interlocutory order appointing a receiver, after notice and hearing, of a strip of land 23 varas wide on the north end and 70 varas wide at the south end, and approximately 1,926 varas long, on which there is an oil well drilled and producing by appellants (defendants), which order authorizes and directs the receiver to take exclusive possession of the land immediately and to make contracts for the drilling, exploration, and development of the same for oil and gas, except and excluding the well now producing on the land, which is to remain in possession and operation of the defendants subject to the further terms of the order of the court that: "Said receiver to receive all the monies derived from the sale of oil produced from said well now thereon situated and to impound the same with the monies he derives from the sale of oil to be produced from the additional wells thereafter to be drilled by him; that the said operators (appellants) of the well now situated upon said leased premises do present to the receiver an account of the reasonable expense for the reasonable operation of said well monthly, and said receiver shall, upon the approval of the said account by the court, said approval showing the said expenses are reasonable and necessary, immediately pay said account to said parties."

The receiver was appointed upon application of the appellees, the state of Texas and its patentee of the land, Mrs. Beatrice Fox, and their lessee, D. K. Caldwell, as ancillary proceeding to a statutory action of trespass to try title filed by the state of Texas as plaintiff against E. E. Combs and others, who assert title to the land adverse to the title claimed by the state and its said patentee and their lessee. The patentee and lessee were made nominal parties in plaintiffs' petition. They were designated in the petition by plaintiff as "other defendants" to distinguish them from the real or adverse defendants, E. E. Combs and others, against whom the cause of action was alleged, and who were designated in plaintiffs' petition as "the defendants."

Plaintiffs' petition, in addition to alleging the statutory action of trespass to try title to the land against "the defendants" (excepting therefrom its said patentee and their lessee), further alleges that: "Said mineral interest of the plaintiff in and under said described land is subject to an oil and gas lease executed by Mrs. Beatrice Fox, patentee of the State of Texas, as agent for said State, to D. K. Caldwell, which lease covers and includes the oil and gas in and under the above described land and provides for the payment of a free royalty of 1/16 part of the oil and gas produced from the above described property to be delivered to the State of Texas free of cost and also provides for the payment to Mrs. Beatrice Fox of a free royalty of 1/16 part of the oil and gas produced from said property free of cost to Mrs. Beatrice Fox."

And further alleges: "That the defendants (appellants, E. E. Combs and others) and each of them are asserting some pretended claim of ownership or right to the oil and gas in and under said land above described, claiming that the boundaries of the grants of land adjacent thereto extend across the same and include the same, and are claiming that title of the State of Texas therein and thereto was vested in the grantees of surveys of land adjoining the said above described land involved in this suit. * * *"

And further allege, in substance: That "the defendants" are naked trespassers unlawfully withholding possession of the land from the plaintiff, its patentee and their lessee; that it is oil-producing land and is being drained by the well which the defendants have drilled upon the land and which oil defendants are converting to their own use and benefit; and that the land is being drained by numerous other wells in close proximity to and surrounding the same; that additional wells should be drilled upon the land to protect it from drainage by such surrounding wells, some of which are owned by the defendants; that plaintiffs have made demand of its lessee to develop the property but that the lessee is unable to drill the same for the reason that should he go upon the land and develop it at this time and forcibly eject defendants therefrom, he would, in the event the defendants should recover title to the same, be liable as a naked trespasser and would lose the large sum of money necessarily expended in the development of the property.

The patentee, Mrs. Beatrice Fox, and the lessee, D. K. Caldwell, filed separate answers. They each designate themselves as cross-plaintiffs, and each allege the statutory action of trespass to try title against "the defendants," E. E. Combs and others (appellants), whom they designate as cross-defendants. Their petitions contain the same allegations as does the petition of the state of Texas as to the respective interests owned by the state and the said patentee and lessee, and pray for the appointment of a receiver upon the same grounds alleged by the state.

The defendants, E. E. Combs and others, answered by general demurrer, special exceptions, a general denial, and plea of not guilty, and specially alleged, in substance, that the defendants are the owners of the property and have properly developed it, and that further development will not inure to their benefit; that to develop the property through receivership proceedings will incumber it with debts to be discharged by the property, though defendants be successful in the litigation, and which will result in irreparable damage to defendants.

We have carefully examined the record and have reached the conclusion that the order appointing the receiver cannot be sustained.

The land was patented to Mrs. Beatrice Fox on April 30, 1935. On May 1, 1935, Mrs. Beatrice Fox, acting for herself and as agent for the State, executed an oil and gas lease on the land to D. K. Caldwell, conveying him the working interest or leasehold estate of seven-eighths of the oil and gas and reserving a royalty of one-sixteenth to Mrs. Fox and one-sixteenth to the state of Texas. It is the contention of appellees that the strip of land, prior to patent in 1935, existed as a vacancy between the older surveys of Dugald Shaw on the north, the James Jordan on the west, and the Alexander Cormack on the south and east. Appellants contend that it was not a vacancy, but is a part of said older adjoining surveys. It appears from the record before us that the controlling issue on the trial of the main case will be the determination of whether or not the land is a part of the survey patented to Alexander Cormack on January 19, 1862. In his order appointing a receiver, the trial court expresses the opinion, from the evidence before him on that hearing, that the appellees "are more likely to recover title to the land than the other parties (appellants) thereto." However, it does not appear from the record, and the trial court does not so find, that plaintiffs' right of recovery is made clear and certain, or that appellants' claim is without merit.

There is no adverse action, or relief sought against each other, as between appellees, the state of Texas and its patentee and their lessee, to bring the case within the provisions of subdivision 1, article 2293, R. S., providing that: "Receivers may be appointed * * * in an action * * * between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured." Magnolia Petroleum Co. v. Zeppa (Tex.Civ.App.) 70 S.W.(2d) 777; Marine Production Co. v. Richey (Tex.Civ.App.) 80 S.W.(2d) 390; Sim-

moris v. East Texas Oil Refining Co. (Tex. Civ.App.) 68 S.W.(2d) 302.

■ As regards that part of the court's order appointing the receiver for the purpose of seizing and taking possession of the money derived from the sale of the oil produced from the well drilled and being operated on the land by appellants, it is not shown that appellants are mismanaging or improperly operating the well. In fact, the court's order would imply that he found they were properly managing the well, in that the order does not deprive the appellants of the operation of this well, but only commands the receiver to take charge of the money derived from the sale of oil produced by appellants from the well. In evidence it is not shown or contended that appellants are insolvent, or that they will be unable to satisfy any judgment for damages obtained against them for misappropriation of the proceeds of this well. It is a well-settled principle that equity will not authorize appointment of a receiver when the legal remedy is adequate and complete. General Oil Co. v. Ferguson (Tex.Civ.App.) 224 S. W. 261.

■ As to the remainder of the land, which is placed in the hands of the receiver in order to be by him drilled and developed, it is shown that if appellees have title to the land, as not being included within either of the senior surveys, then the land is entitled to one or more wells in addition to the one drilled and being operated by appellants, to properly protect it from drainage by wells now producing on the adjoining surveys; but, if the land is a part of such senior surveys, it is already properly developed by such surrounding wells and is not entitled to further drilling. It is not shown in the evidence that appellees are now or have been excluded from the possession and development which they asked to be done through a receiver. Appellee D. K. Caldwell, the lessee, testified:

"Q. Has anybody ever forbade you from going on the land? A. No, sir.

"Q. Have you made any attempt to get a permit? A. No, sir.

"Q. When the State called on you to apply to the Railroad Commission for permits, did you do it? A. I employed counsel to clear the title.

"Q. Did you make any application to the Railroad Commission for permits as requested by the Land Department? A. No, sir.

"Q. Have you made any attempt to go on the land and drill any well? A. No, sir.

"Q. The well you referred to as being on there, wasn't it on the property when you got your lease to it? A. Yes, sir.

"Q. Are you financially able to drill the wells? A. Yes, sir."

Appellants executed and introduced in evidence a stipulation in effect surrendering possession to appellees and agreeing not to interfere with their development of the property during final determination of appellees' suit for the title, subject to the appellants' rights if they recover title in the suit.

So, the appointment of the receiver to further develop the property rests upon the following facts: Appellees, plaintiffs, in trespass to try title, claim to own all the land and minerals thereunder against appellants, defendants, who likewise claim adversely against appellees. Appellees have uninterrupted possession to develop the property as they may desire. The lessee is financially able to develop the property. The reason offered for not developing it, and the only ground for appointment of a receiver to develop it, is that the lessee "would be liable as a naked trespasser and would lose a large sum of money necessarily expended in development of the property" in the event appellees should fail to recover title at the end of their suit. Assuming that such danger of loss is present in the circumstances as asserted by appellees, still the appointment of a receiver and development of the property under him does not eliminate but only shifts such loss from the appellees to the appellants, and for improvements not needed should appellants recover the land in the end. We do not think these facts authorize the appointment of a receiver under the equitable powers of the court.

The judgment of the trial court will be reversed, and the order appointing the receiver vacated.