## ROGERS v. ROGERS.

### No. 13145.

Court of Civil Appeals of Texas. Dallas.

March 1, 1941.

Robert Ogden and Clinton Foshee, both of Dallas, for appellant.

Austin S. Dodd, of Dallas, for appellee.

LOONEY, Justice.

This appeal is from an interlocutory order appointing a receiver for the business and assets of the Sunset Plumbing Company, operated in Oak Cliff, City of Dallas. The following facts are undisputed: On and prior to June 8, 1931, the business of the Plumbing Company was owned and operated by Robert Rogers, who becoming financially embarrassed, transferred the business and assets of the Plumbing Company to his brother, H. C. Rogers, by bill of sale, reciting a cash consideration of $500, regularly executed and acknowledged. Prior to this transfer, H. C. Rogers worked in the business, or had some connection with it, the details of which are not disclosed. After the transfer, the business was conducted same as before, except it was conducted in the name of H. C. Rogers, as owner; but Robert remained in the business, his activities being same as before, and this continued until his death on April 27, 1937. He left a widow (plaintiff herein), who, for several years prior to his death, had worked in the business and was thoroughly familiar with it; and, after his death, continued in the business until July 28, 1939. Discord having arisen, contending that she owned a joint interest in the business and its assets, plaintiff offered to sell out to the defendant. The evidence is conflicting in regard to their negotiations, but, at all events, the defendant refused to recognize that plaintiff owned any interest and declined to purchase. She left the business on July 22, 1939, and on June 29, 1940, instituted the present proceedings, alleging that she owned an equal interest in all the assets of the Plumbing Company; that the defendant had withdrawn from the business and converted to his own use and benefit more than his share of the earnings; prayed for a dissolution of the alleged partnership, and an accounting; for the establishment of her interest in the properties, and an equal division, and sought the appointment of a receiver to take possession of the assets and operate the business, pending final disposition of the cause.

As the result of a rather lengthy hearing, the court appointed a receiver, from which the defendant appealed and superseded the judgment. He contends that the court abused its discretion in appointing the receiver, in that, plaintiff failed to show that she had a probable interest in the assets of the Plumbing Company, or that the property was in danger of being lost, removed, or materially injured. The order appointing the receiver necessarily implies that these issues were determined in favor of the plaintiff.

Although the relation existing between Robert and his brother H. C., after the execution of the bill of sale in 1931, is not explained, other than by the circumstance that Robert remained at the head of the business, which, in our opinion, justifies the conclusion that the brothers had some understanding, and although the evidence is conflicting, we think it was sufficient to show that, after the death of Robert, the defendant, recognizing that his widow owned a joint interest in the business and assets of the Company, insisted that she remain and assist in conducting the business, and that it would be operated on a fifty-fifty basis, implying that they would share equally in the profits.

But we doubt the sufficiency of the evidence to show that the assets were in any danger of being lost, removed, or materially injured, pending final trial of the cause. Seemingly, the business was being handled prudently; in fact, in so far as disclosed, it was in a better financial condition when the receiver was appointed than it was when plaintiff left in 1939. But, whether or not the evidence on this point was sufficient to sustain the finding, we are decidedly of opinion that the receiver should not have been appointed, as an injunction would have afforded plaintiff all the protection she needed or should have demanded.

The Plumbing Company is a small business; its assets consist largely of tools, equipment, appliances, trucks, office furniture, a small stock of plumbing material and some cash, but its chief asset is the personnel of its management, under which, in a small way, the business was prospering. In view of this situation, we think it obvious that it would prove destructive to the interests of all concerned, for the business to be taken from its present management and placed under the management of a stranger to the business and its patrons.

Receivership is one of the harshest remedies known to the law, and should never be ordered except where the property involved is in present danger of being lost, removed, or materially injured (Davenport v. Wood Motor Co., Tex.Civ.App.,

107 S.W.2d 1093; Fisher v. First Nat. Bank, Tex.Civ.App., 112 S.W.2d 1085), and, in our opinion, should never be ordered if some other remedy less harsh, either legal or equitable, would afford the needed protection.

At the hearing, one witness testified that no consideration was paid at the time the bill of sale was executed. Thereafter, on objection, the court refused to permit the defendant to answer whether or not the $500 cash consideration, expressed in the bill of sale, was paid; the objection being that it was an attempt to vary or contradict the terms of the written instrument. This, in our opinion, was error. The recital in the bill of sale was not conclusive, but subject to refutation. The true consideration may be shown, by parol or other extrinsic evidence, to be different from that expressed in an instrument, without pleading fraud, accident or mistake, except where the consideration itself is contractual in character, which was not true in the instant case. See 10 T.J., p. 119, Sec. 69, and authorities cited in the notes.

It may be said that, although the transfer of the business and assets of the Plumbing Company, by Robert Rogers to the defendant, was in fraud of Robert's creditors, and void as to them, yet being a valid transaction as between the parties, the widow of Robert should not be heard to question its validity. However, in view of the facts, we think plaintiff should be permitted to do so. Although the transfer may have been fraudulent as to the creditors of Robert Rogers, yet binding upon the parties thereto, the moral obligation imposed upon the conscience of the defendant was a sufficient consideration for the continued recognition by him of his brother's interest in the business while he lived, as the circumstances indicate was done, and was sufficient for the recognition by defendant, after his brother's death, of the joint interest of his widow in the assets of the business, as basis for the understanding, testified to by the widow, that she should remain in the business and share the profits fifty-fifty. See 20 T.J., p. 464, Sec. 104, and authorities cited in Note 17.

It follows, from what has been said, that we are of opinion the court erred in appointing a receiver, therefore, the receivership is dissolved. However, in view of the evidence, which we believe tends strongly to show that the defendant assumed an unreasonable attitude toward his brother's widow, in denying that she had any interest whatever in the business or its assets, turning her out empty-handed, we think that one-half the costs incident to this appeal should be taxed against him. The order of Court is that the receivership be and it is hereby dissolved, and that the cost of appeal be taxed one-half against plaintiff and one-half against the defendant.