Priscilla E. PARNESS, Appellant,

v.

Howard A. PARNESS, Appellee.

No. 19430.

Court of Civil Appeals of Texas, Dallas.

Dec. 9, 1977.

Donald R. Smith, Reba Graham Rasor, Dallas, for appellant.

James A. Williams, Milan Randolph Pharo, Bailey, Williams, Westfall, Lee & Fowler, Dallas, for appellee.

AKIN, Justice.

Appellant, Priscilla Parness, appeals from an order appointing a receiver to take charge of and sell the homestead of the parties pending a divorce action. Appellant urges the trial court was without power to appoint a receiver for this purpose absent a showing that the property was in danger of being lost, removed or materially altered. She argues there was no showing of any urgency or danger or immediate loss to the property. We agree and accordingly reverse the judgment of the trial court and vacate its order appointing a receiver.

It is well settled in Texas that the appointment of a receiver is a harsh remedy and should only be exercised in extraordinary circumstances. *Rogers v. Rogers,* 150 S.W.2d 139 (Tex.Civ.App.—Dallas, 1941, no writ); *Texas Consolidated Oils v. Hartwell,* 240 S.W.2d 324 (Tex.Civ.App.—Dallas 1951, mand. overr.); *Gunther v. Dorff,* 296 S.W.2d 638 (Tex.Civ.App.—Waco 1956, writ dism'd). Only where the evidence shows some serious injury will result to the applicant, or is threatened, will the drastic remedy of receivership be applied. *Texas Consolidated Oils v. Hartwell, supra; Hughes v. Marshall,* 538 S.W.2d 820 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.). Finally, a receiver should be appointed only in those situations where the property involved is in present danger of being lost, removed or materially injured and should never be ordered if another remedy, less harsh, is available which will afford the needed protection. *Rogers v. Rogers, supra* at pp. 140–141; *Texas Consolidated Oils v. Hartwell, supra; Parr v. First State Bank of San Diego,* 507 S.W.2d 579 (Tex.Civ.App.—San Antonio 1974, no writ).

Here no showing was made by appellee that if a receiver is not appointed to sell the home, the property will be lost. Nor is there a showing of any urgency requiring sale of the house. The real estate broker testified at the hearing that in his opinion the property was not in eminent danger of destruction by deterioration. Appellee's testimony is that it is difficult for him financially to keep up the house payments, the maintenance on the house and temporary child support and that the sale of the house would ease his situation. There is no evidence that the house payments were delinquent or that foreclosure was imminent, but, there is evidence that appellee, a physician, can borrow the money for house payments. Presumably he could likewise borrow funds for other necessities, pending a final decree. This evidence is insufficient to show that the property itself was in danger of being lost, destroyed or materially altered. For these reasons, we hold that it was error for the trial court to appoint a receiver to sell the house. Accordingly, the order appointing the receiver is vacated.