Kevin **KNEISLEY**, Appellant,

v.

**INTERTEX, INC.**, Appellee.

No. B14–90–00122–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 20, 1990.

Warren H. Fisher, Eugene J. Pitman, Houston, for appellant.

Vincent Bustamante, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION ON MOTION FOR REHEARING

DRAUGHN, Justice.

We grant appellant's motion for rehearing, and withdraw our opinion of July 12, 1990 and substitute the following opinion.

This is an interlocutory appeal from an order appointing a receiver to manage property in northwest Houston which is the subject of a trespass to try title action. Each party holds a separate constable's deed which was obtained in satisfaction of a judgment against a common source. Appellant, Kevin Kneisley, is currently in possession of the property and has it under lease to another; he allegedly has failed to pay more than $24,000 in taxes owed to the City of Houston, Aldine Independent School District, and Harris County. Appellee, Intertex, Inc., applied for appointment of a receiver, and requested that money from rents paid by tenants of the property would first pay expenses of the receivership with the balance, if any, applied to the reduction of the delinquent taxes. Finding that (1) the parties were "jointly interested" in the property, (2) appellee has a probable interest in, or right to, the property, and (3) the property is in danger of being lost, removed, or materially injured, the trial court appointed a receiver to collect rent from the tenants and ordered appellee to post a bond in the amount of one month's rent. Appellant contends the trial court erred in appointing a receiver because (1) appellee failed to plead or prove any statutory or equitable basis, and (2) there is no evidence or insufficient evidence to support the order. We reverse.

The property at issue is described as follows:

Lot 14 and East ½ of Lot 13, in Block 5, of Oaks of Inwood, Section One, a subdivision in Harris County, Texas, according to the map or plat thereof, recorded in Volume 298, Page 1 of the Map Records of Harris County, Texas. This property is commonly known as 3711 Cherry Forest, Houston, Texas 77088.

Appellee filed suit against appellant, the three taxing authorities, tenants Todd and Janice Pucci, First Interstate Bank of Texas, N.A., Century 21 Gold Properties, Inc., and Ameritec Realty, Inc., seeking (1) a judgment for title to and possession of the property; (2) damages for rents accruing from April 4, 1989 until the date of judgment, plus prejudgment and postjudgment interest and court costs; (3) a determination of the amount of taxes owed; (4) and a declaration that First Interstate's deed of trust was not a first lien so as to be superior to Intertex's interest in the property. Both First Interstate and Century 21 filed disclaimers of interest in the property, and only appellant, Kneisley, has appealed the order appointing a receiver.

Appellant contends the trial court erred in appointing a receiver because appellee failed to plead or prove a statutory or equitable basis for receivership. "The appointment of a receiver is a harsh remedy and should only be exercised in extraordinary circumstances." *Parness v. Parness*, 560 S.W.2d 181, 182 (Tex.App.—Dallas 1977, no writ). However, it is statutorily mandated that a court may appoint a receiver in the following six situations:

(1) in an action by a vendor to vacate a fraudulent purchase of property;

(2) in an action by a creditor to subject any property or fund to his claim;

(3) *in an action between partners or others jointly owning or interested in any property or fund;*

(4) in an action by a mortgagee for foreclosure of the mortgage and sale of the mortgaged property;

(5) for a corporation that is insolvent, is in imminent danger of insolvency, has been dissolved, or has forfeited its corporate rights; or

(6) *in any other case in which a receiver may be appointed under the rules of equity.*

TEX.CIV.PRAC. & REM.CODE ANN. § 64.001 (Vernon 1986). (emphasis added.) In its order, the trial court found this to be "an action between parties jointly interested in a property or fund." However, appellant contends there is no *joint* interest since this is a contest to determine which of two claimants has superior title and right to possession of the *entire* property. Appellant cites *Magnolia Petroleum Co. v. Zeppa,* 70 S.W.2d 777 (Tex.Civ.App.—Waco 1934, no writ), and *Simmons v. East Texas Oil Refining Co.,* 68 S.W.2d 302 (Tex.Civ. App.—Texarkana 1933, no writ), for the proposition that a receivership may only be appointed in an action between parties jointly owning or *jointly* interested in a property. However, neither case is directly on point. In *Zeppa,* the plaintiffs claimed they shared a joint interest with the defendants in the oil and gas in a common reservoir underlying the subject property; the court noted that in Texas, oil and gas is not jointly owned with adjoining land owners. *Zeppa,* 70 S.W.2d at 779. Therefore, the court stated:

> the parties to this suit are not partners, and they do not claim to be joint owners or jointly interested in the land in question. Each side as against the other is asserting the right to exclusive title and possession of the land.

*Id.* In *Simmons,* the plaintiffs claimed no interest, "joint or otherwise," in the actual property in dispute. *Simmons,* 68 S.W.2d at 304.

Certainly, appellant and appellee are not "joint owners," as they each claim full ownership rather than complementary shares of the land. An alternate interpretation of the statute is that receivership is an available remedy in an action (1) between parties "jointly owning" property *or* (2) between parties "interested" in a property, when, as here, the bare facts evince equal, tangible claims to the property from apparently legal sources. The trial court apparently reasoned from this basis and concluded that if two parties are each claiming ownership of property under separate constable's deeds, they are "jointly interested" in the property. But "jointly" in a legal context, and more importantly in the context of this statute, means something other than both parties claiming to own the property outright to the exclusion of the other. "Jointly" in a legal sense means joined together in unity of interest or liability. BLACK'S LAW DICTIONARY 752 (5th ed. 1979). As between these parties, there can be no unity of interest or liability. Either one or the other will own the property after trial. Additionally, appellee's interpretation does not, as required, give effect to each word of the statute. *Chevron Corp. v. Redmon,* 745 S.W.2d 314, 316 (Tex.1987). Rather, it treats "jointly owning" as surplusage since every joint owner would logically be included in the larger class of persons "interested" in the property. But appellee also contends that appellant's interpretation of the statute is inequitable, since a party showing a probable full ownership of property would not be entitled to a receiver while a receiver could be appointed at the request of a party having only a tiny percentage of undivided ownership in a property or fund.

■ At first glance, appellee's point seems well taken, and we might agree if we were judicially permitted to view this situation in isolation without reference to a specific statute, and without reference to its impact on other cases involving disputed funds and title to real property. But we are prohibited from such a myopic interpretation. Appellee's approach, which we initially subscribed to, would allow any "interested" party, including those without any

present ownership in the property or fund, to seek the appointment of a receiver to control such disputed fund or property. Such an interpretation would cause minimal impact on the present case, but as a precedent for future cases, its impact could be significant. In any event, we cannot confine the effect of such an interpretation to the present case and it would be legislatively presumptuous of us to attempt to do so by engrafting on to the statute an exception limited to cases involving separate constable's deeds. And while we are always concerned about protecting judicial discretion in the appointment of receivers, we are convinced that under this statutory clause, judicial discretion and power must be confined to those cases between parties who are either partners, or who share joint ownership or a joint interest of some kind in a disputed property or fund. We so hold.

■ We also find the evidence is insufficient to support the trial court's finding that "the property is in danger of being lost, removed or materially injured." Although a suit filed by the City of Houston threatens foreclosure of the property if the delinquent taxes are not paid, the danger of foreclosure appears slight since the parties to the delinquent tax suit are also parties to the instant case, and even if foreclosure should occur, other remedies at law would exist for appellee to pursue. Additionally, there is nothing in the record to show that appellant is insolvent, nor does the evidence before us show that appellee has a probable right to the property.

The situation of two parties holding separate constable's deeds to a piece of property presents an unusual set of facts for a receivership case, augmented by a demand that taxes be paid on the land. Although we understand the trial court's dilemma in trying to preserve the subject property and ensure the payment of taxes pending a trial on the merits of the case, nevertheless we hold the trial court abused its discretion in appointing a receiver without specific statutory or equitable grounds.

The interlocutory judgment of the trial court as to the appointment of a receiver is reversed and the cause remanded.

SEARS, Justice, dissenting.

The majority has changed its mind and reversed its earlier opinion. I respectfully dissent. While acknowledging the inequity created by allowing a receiver to be appointed for an "interested" party claiming a *partial* ownership interest, and denied to an "interested" party claiming *total* ownership interest, the majority nonetheless creates such an inequity and denies relief to a party claiming total ownership in the land. The majority opinion reverses the trial court based on their interpretation of what is meant by "jointly interested." In doing so, the majority has overlooked the fact that the trial court is empowered to appoint a receiver in *"any* case in which a receiver may be appointed under the rules of equity." TEX.CIV.PROC. & REM.CODE ANN. § 64.001(a)(6).

The evidence shows that Kneisley is in possession of the property in dispute and is receiving rental income from the property. The record also shows that more than $24,000 is owed in delinquent taxes on the property and Kneisley has refused to pay the taxes or apply the rental income to the tax deficit. Even though the City of Houston has filed a lawsuit to recover delinquent taxes on the property and has threatened to foreclose on the property, the majority finds the evidence insufficient to support the trial court's finding that the property is in danger of being lost or injured. However, the standard on review is not the sufficiency of the evidence.

Since the trial court is clearly authorized to appoint a receiver under the rules of equity, we cannot reverse the interlocutory appointment of a receiver unless we find the trial court has abused its discretion. As the evidence clearly shows the property in danger of loss or injury due to non-payment of taxes, and further shows that one party is receiving rents and refusing to apply the rent to the taxes owing, equity *requires* the appointment of a receiver to insure that taxes are paid and that one

party does not benefit to the detriment of the other during the ownership dispute.

I would affirm the action of the trial court.