## JONES v. JONES (three cases).

### Nos. 4390, 4393, 4394.

Court of Civil Appeals of Texas. El Paso.

June 8, 1944.

Rehearing Denied June 29, 1944.

White & Yarborough, of Dallas, for appellant.

C. C. Renfro and R. Guy Carter, both of Dallas, for appellee.

McGILL, Justice.

As indicated by the above captions, this opinion will dispose of what in fact are three separate appeals. All grow out of a divorce suit filed in the 95th Judicial District Court of Dallas County.

On June 11, 1943, Mrs. Gary A. Jones filed suit against her husband, Gary A. Jones, seeking a divorce, a partition and division of community property, alimony during the pendency of the suit, and a restraining order and injunction to prevent her husband from transferring, mortgaging or otherwise encumbering any of the community property, and from injuring, molesting or annoying her. She also sought the appointment of a receiver to take charge of the property belonging to the parties. A restraining order and injunction as prayed for was issued immediately. It included a "show cause" order, requiring Jones to appear on June 18th before the 68th Judicial District Court of Dallas County to show cause why the temporary restraining order should not be made permanent and the prayer for a receiver and alimony granted. This notice was not served on Jones, and on June 18th the 95th Judicial District Court continued the restraining order and issued a similar "show cause" order returnable June 21st. Notice of this order was served on Jones on June 19th. On June 21st the 68th Judicial District Court continued the restraining order and injunction until further orders, granted alimony of $25, payable before July 1st, $65 payable July 1st and 15th, and a like amount on the 1st and 15th days of each month thereafter until further order; required Jones to file an inventory of all community property and to collect the rents on the house at No. 2413 Pennsylvania Street, Dallas, belonging to the community estate and deposit them in a joint account in the Texas Bank and Trust Company of Dallas in the names of both parties, and prohibited either of them from making any withdrawals therefrom during the pendency of the suit. The court did not appoint a receiver.

Trial of the cause was had before the court without a jury on August 19, 1943. The court announced his findings as to the disposition of all the properties of the parties and signed notes of such findings on said date. Judgment was rendered September 16th granting Mrs. Jones a divorce, awarding certain community property to each of the parties; finding that it was not necessary to determine whether certain insurance policies were a part of the community estate, and awarding such policies to Jones. Mrs. Jones was allowed an attorney's fee of $250. Both parties excepted to the judgment and gave notice of appeal.

Mrs. Jones filed motions for a new trial and to reform the judgment to conform with the court's findings of August 19th, which were overruled on October 7th. She then perfected her appeal.

On October 7th she filed a motion for alimony during the pendency of her appeal and for the appointment of a receiver, alleging that Jones was in possession of all the community property, and that she feared he would waste, dispose of or dissipate it. On November 8th she filed an amended motion seeking to have Jones held in contempt and punished for failure to pay alimony due her. These motions were heard on December 4th. The motion for contempt was overruled. She was granted alimony of $120 per month, $60 payable December 16 and January 2, 1943, and like amounts on the 2nd and 16th days of each month thereafter "until final disposition of this case on appeal." A receiver was appointed "to take charge of all the property involved in this case" pending determination of the appeal. Jones excepted to these orders and has perfected separate appeals therefrom.

In our discussion of the points involved we shall deal with each appeal separately.

*No. 4390—Divorce and Division of Property*

Mrs. Jones makes no complaint of the judgment insofar as it awarded her a divorce. Summarizing her points, she complains of the action of the court as follows: Failure to award her a one half interest in certain life insurance policies which were admittedly community property, the

judgment being contrary to her prayer for relief in this respect; failure to incorporate in the judgment the court's written finding that "all property of the parties not specifically awarded to either party is hereby adjudged to be owned by plaintiff and defendant in equal shares"; refusal to require defendant to account for $1975, being one half of the money he paid for a mineral interest in non-producing property after the institution of the suit, or to compensate her for said sum out of defendant's interest in the community property; awarding to her certain United States Government non-negotiable bonds and tax notes payable to her husband; failure to provide a method or means by which she could obtain possession of the property awarded her; failure to find that certain insurance policies listed in the judgment were community property; decreeing that she should have "the use and benefit as a home" of the house and lot belonging to the community estate, because contrary to her pleadings and prayer; failure to provide a means by which she could enforce payment of attorney's fees allowed her, and in not providing a reasonable attorney's fee; in not awarding her recovery of a one half interest in certain "Educational Policies" belonging to the community estate; failure to award her as her separate property all sums deposited in the Texas Bank & Trust Company, being income from the house and lot awarded her by the judgment; the division of the community property, such division being unfair and unjust to her and against the overwhelming weight and preponderance of the evidence, and there being no pleading or prayer on which such division could be predicated; and overruling her motion for contempt.

■ Viewing the testimony in the light most favorable to appellee, it appears that from June 11th, when the restraining order was issued but not served on him, to June 16th, inclusive, he paid out of community funds $3850 for an undivided one fourth mineral interest in 285.12 acres of land in Coke County. This land was non-productive. There had been some drilling for oil from eight to ten miles therefrom. The purchase was made from a friend of some twenty years standing without investigation. Appellant testified he made the purchase in May, prior to the filing of the suit, and was obligated to pay the money. During the period from June 11th to June 16th we think it clear that he had knowledge that a suit for divorce had been filed, though perhaps he did not know of its contents. If, prior to the filing of the suit, he had entered into a binding obligation to purchase the property, such obligation was binding on the community estate. He could have satisfied it by payments from community funds even though his purpose in making the payments at the time he did make them was to forestall his wife from preventing him from doing so by a restraining order or injunction. Had he been restrained, it would, nevertheless, have been the duty of the court to provide for satisfaction of such obligation out of the community estate if necessary before making a division thereof. There was no evidence controverting his testimony to effect that he made the purchase in May and became obligated at that time to make payment therefor. Though an interested party, the court was warranted in believing his testimony, and it will be presumed that he did so, if such presumption is necessary to support the judgment.

The judgment found that the community estate consisted of the following property and awarded it to the parties as indicated below. The evidence was sufficient to show the approximate values set opposite thereto:

*Awarded to Mrs. Jones:*

| | |
|---|---|
| Household furniture and effects, | $1200.00 |
| United States Government Bonds, maturity value, | 425.00 |
| United States Tax Notes, face value, | 125.00 |
| One half of two Savings Bank Accounts, | 100.22 |
| A checking account | 150.00 |
| Cash on hand | 500.00 |
| Out of cash surrender value of insurance policies awarded to defendant, | 600.00 |
| Total | $3100.22 |

Mrs. Jones was also awarded the following community property as to which there was no evidence of value:

Two shares Dallas Power & Light Company, $6 preferred stock;

Two shares Texas Power & Light Company, $7 preferred stock;

Two shares New Orleans Public Service, $7 preferred stock;

Ten shares of stock of Metal & Mining Company, Inc.;

Three shares of stock of National Family Stores;

An undivided one eighth mineral interest in the 285.12 acres of land in Coke County;

An undivided one half interest in Lots 25 and 26, Block 24, of South Park Addition to the City of Dallas, with a trust impressed thereon in her favor "for her use and benefit as a home for the duration of her natural life."

She was relieved of liability for payment of community debts, which the evidence was sufficient to show totaled $442.85.

*Awarded to Mr. Jones:*

| | |
|---|---|
| A 1939 Dodge 4-Door Sedan, | $ 550.00 |
| Three life insurance policies with a cash surrender reserve value of $1956.00, subject to a charge of $600.00 in favor of Mrs. Jones, | 1356.00 |
| One half of two Savings Bank Accounts, | 100.22 |
| Total | $2006.22 |

Also the following community property as to which there was no evidence as to value:

Ten shares stock of the Metal & Mining Company, Inc;

Two shares stock National Family Stores;

An undivided one eighth mineral interest in 285.12 acres of land in Coke County;

An undivided one half interest in Lots 24 and 25, Block 24, supra.

His share of the community estate was charged with an attorney's fee of $250 allowed to Mrs. Jones.

The judgment found that it was unnecessary to determine whether certain insurance policies were a part of the community estate and awarded them to Mr. Jones. One of these for $1000, was issued several years prior to the marriage and had a cash surrender value of $466; two were "Educational Policies" issued on the lives of Jones and his son and daughter, respectively; and three were "Industrial Policies," two of which were issued on the life of the daughter, and one on the life of the son and Jones. There was no evidence as to the cash surrender value of these five policies, if any. Jones was also awarded his books and business files, of which no value was shown.

It will thus be seen that of the proven value of all assets of the parties, Mrs. Jones was awarded the equivalent of approximately $3100 in cash, and Mr. Jones, after deducting the community debts for which he was still liable, approximately $2000 in cash.

The rule is well settled in this State that under the provisions of Article 4638, Vernon's Ann.Civ.St., "The court pronouncing a decree of divorce is invested with wide discretion in disposing of any and all property of the parties, separate or community, and that its action, in the exercise of such discretion, should be corrected on appeal only where an abuse of discretion is shown, in that the disposition made of said property is manifestly unjust and unfair." Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, 23, McGarraugh v. McGarraugh, Tex.Civ.App., 177 S.W.2d 296 and cases there cited.

The only statutory limitation is that neither party shall be compelled to divest himself or herself of title to real estate. To limit the rule so as to make it depend upon the requests of the parties as reflected by their pleadings and prayers would, in effect, nullify it as well as the statute. The division of all property of the parties as above outlined is, in our opinion, neither unjust nor unfair. Certainly it is not manifestly so, and no abuse of discretion is shown.

What we have said disposes of most of appellant's contentions. The others will be noticed briefly:

The court's written finding in effect awarding to the parties all their

property not specifically awarded to them in equal shares was immaterial, since no other property than that specifically awarded was shown to exist. Failure to incorporate such finding in the judgment could work no injury to appellant. We anticipate that she will encounter no difficulty in redeeming the Government Bonds and Tax Notes on presentation of a certified copy of her judgment to the proper Federal Officers. Implicit in the provision of the judgment impressing the house and lots, a one half interest in which was awarded to her with a trust in her favor "for her use and benefit as a home for the duration of her natural life," is her right to occupy such property as a home or to rent it and use the rents to provide a home, or as she may see fit. Execution and other appropriate process is available to her to enable her to obtain possession of the property awarded her and to enforce payment of the attorney's fees allowed, which we deem adequate. She did not perfect an appeal from the order overruling her motion for contempt and it is not before us for review.

*No. 4393—Appointment of a Receiver*

Appellant's attack on the order appointing a receiver is predicated on the proposition that the basis for the appointment was appellee's fear that he would waste or dispose of the property involved during the pendency of her appeal; that her pleading and the stipulation of the parties by their attorneys went no further than this, and there was no showing of any threats or other evidence that he would waste or dispose of the property. To the contrary, the evidence showed that he was willing to deliver all property awarded to her and tendered all personal property under his control to her at the trial. Hence there was no showing "that the property or fund" was "in danger of being lost, removed or materially injured" so as to warrant the appointment of a receiver under Art. 2293, Sec. 1, V.A.C.S. There is no merit in these contentions. This being a suit for divorce, the power of the court to appoint a receiver to take charge of the property involved was not limited or circumscribed by the provisions of Art. 2293, Sec. 1, V.A.C.S. The authority vested in the court by Art. 4636, V.A.C.S., was also available. Hursey v. Hursey, Tex.Civ.App., 147 S.W.2d 968. Under this statute, the court has broad discretionary powers in the appointment of a receiver. Crawford v. Crawford, Tex. Civ.App., 163 S.W. 115; Kinsey v. Kinsey, Tex.Civ.App., 77 S.W.2d 881.

Appellant had possession of practically all of the personal property involved. His tender at the hearing of the portion awarded to appellee was not conclusive of his good faith, especially in view of his transfer of $3850 of community funds after the suit was filed, with the apparent purpose of avoiding the effect of a restraining order. These facts were known to the court. Nor was such tender any assurance that the property would be available when the appeal of the divorce suit should be disposed of. No abuse of discretion is shown.

*No. 4394—Alimony Pending Appeal*

An order granting temporary alimony is interlocutory, from which there is no appeal. Dyer v. Dyer, Tex.Civ.App., 87 S.W.2d 489.

This is so, although the order was entered after judgment granting a divorce where an appeal therefrom had been perfected. Williams v. Williams, 60 Tex.Civ. App. 179, 125 S.W. 937, at page 940.

Mrs. Jones excepted to the judgment entered on September 16th as a whole and perfected her appeal therefrom. This operated to carry the entire case to the Court of Civil Appeals. Ex Parte Hodges, Tex.Sup., 109 S.W.2d 964; Burguieres v. Farrell, 126 Tex. 209, 87 S.W. 2d 463.

The order of December 4th granting alimony was therefore made "during the pendency of the suit for a divorce" within the purview of Art. 4637, V.A.C.S. Ex Parte Lohmuller, 103 Tex. 474, 129 S.W. 834, 835, 29 L.R.A., N.S., 303.

It follows that such order is not appealable.

The judgments in appeals Nos. 4390 and 4393 in this court are in all respects affirmed.

The appeal in No. 4394 is dismissed.