Lida ALLEN, Appellant,

v.

Homer ALLEN, Appellee.

No. 7275.

Court of Civil Appeals of Texas.

Amarillo.

March 25, 1963.

H. M. Hood, Borger, for appellant.

Linn & Helms, Spearman, for appellee.

DENTON, Chief Justice.

This is an appeal from an order granting a temporary injunction enjoining the wife, Lida Allen, from conversing with or having any contact with her husband, Homer Allen, pending final hearing on the merits of their divorce case.

The divorce case was filed by the appellee on March 16, 1962. Upon application filed November 29, 1962, the trial court issued a restraining order enjoining the said Lida Allen as set out above. A hearing was had on December 6, 1962 to determine whether or not a temporary injunction should be issued. The trial court on that date issued the temporary injunction which is being complained of on this appeal.

■ It is appellant's contention that the trial court abused its discretion in issuing the temporary injunction; and that such an order was a violation of public policy in that it discouraged reconciliation and the resumption of marital relations of the parties herein. No Statement of Facts has been filed with this Court, and the record contained no findings of fact or conclusions of law. Although both parties' briefs refer to testimony said to have been introduced on the hearing, we cannot consider such testimony in the absence of a Statement of Facts. McMahan v. Musgrave, (Tex.Civ.App.), 229 S.W.2d 894, (Dismissed.). The granting of a temporary injunction is largely within the discretion of the trial court, and unless a clear abuse of that discretion is shown on appeal his acts will not be disturbed. Witt v. Witt, (Tex.Civ.App.), 205 S.W.2d 612. Izard v. Townsend, (Tex.Civ.App.), 208 S.W.2d 666. Crouch v. Crouch, (Tex.Civ.App.), 164 S.W.2d 35.

■ In the absence of a Statement of Facts, we must presume that the evidence was sufficient, and that every fact necessary to support the trial court's order was proved at the hearing. 3 Tex.Jur.2d Appeal and Error-Civil, Section 452, page 702, and cases therein cited. Under such circumstances, we cannot hold the trial court abused its discretion.

■ Appellant further contends the issuance of a temporary injunction is a violation of public policy. This argument is based on the fact the appellant was enjoined from communicating with or contacting her husband pending the final hearing on the divorce; and that the injunction violates the spirit of the law which encourages reconciliation and the preservation of the marital relationship. While it is certainly true the courts generally frown on divorces, and a "cooling-off period" of sixty days is required before a divorce can be heard or granted, the district judge is granted broad powers in making temporary orders in respect to the property and the parties in divorce actions. Article 4636, V.A.T.S. Appellee's sworn pleadings sufficiently plead appellant's past actions are of such a nature and extent to cause appellee irreparable injury and harm to his health. The trial court clearly acted within its discretion, and from this record we think the court's order was proper. We know of no public policy which would prohibit the issuance of such an order under the record in this case.

The judgment of the trial court is accordingly affirmed.

Affirmed.