**Carol Alayne SPARR, Appellant,**

v.

**Richard A. SPARR, Appellee.**

**No. 8737.**

Court of Civil Appeals of Texas, Texarkana.

Jan. 15, 1980.

James A. Ellis, Jr., Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellant.

David A. Ives, John Brusniak, Jr., Stroud & Smith, Dallas, for appellee.

HUTCHINSON, Justice.

Appellant, Carol Alayne Sparr, appeals from an order entered in her suit for divorce appointing a receiver to sell the home of herself and appellee, Richard A. Sparr; reducing the amount previously ordered to be paid by appellee for the temporary support of appellant and their two children; and for the court's failure to enforce by contempt its previous order that appellee make the mortgage payments on the home during the pendency of the divorce suit.

The court at a prior hearing had ordered appellee to pay or make arrangements for the deferment of all debts, whether secured or unsecured; to pay the utilities at the home occupied by appellant and the two children; and to pay to appellant for her and the childrens' support the sum of $1750.00 per month. Appellee failed to make payments on the home, and, in order to prevent a threatened foreclosure, appellant borrowed sufficient funds to make the required payments. Appellant then sought to have appellee held in contempt of court for his failure to make such payments. Appellee in turn filed a motion for the ap-pointment of a receiver to sell the home and for a reduction in the amount to be paid for the temporary support of his wife and children. Upon hearing these motions, the court took under advisement appellant's motion for contempt, appointed a receiver to sell the home with the appellee to make payments thereon pending its sale, and reduced the amount to be paid by appellee for the temporary support of appellant and the children.

Appellant by her first eight points of error contends that the court exceeded its power and abused its discretion in appointing a receiver to make an immediate sale of the home.

Section 3.58 of the Texas Family Code Annotated and Article 2293 of the Texas Revised Civil Statutes Annotated contain the authority for the appointment of a receiver by a trial court. Neither the appellant here nor the court in *Parness v. Parness*, 560 S.W.2d 181 (Tex.Civ.App. Dallas 1977, no writ), relied upon by appellant, specifically refer to either article. However, each use the language contained in Section 1 of Article 2293 which requires a finding that the property was in danger of being "lost, removed or materially injured" before the court would be authorized to appoint a receiver. Appellant here asserts that appellee failed to meet this requirement and that by such failure the court was without power to appoint the receiver. Although we do not necessarily agree with appellant that appellee failed to make such a showing, we hold that since this is a suit for divorce under the provisions of the Texas Family Code Annotated, the court below was not limited to the application of Article 2293 and could and should have utilized the authority granted by Section 3.58, Tex. Family Code Ann. Under this section the court had broad discretionary powers and appellant has not shown that such powers have been abused. *Jones v. Jones*, 211 S.W.2d 269 (Tex.Civ.App. El Paso 1944, no writ); *Hursey v. Hursey*, 147 S.W.2d 968 (Tex.Civ.App. Dallas 1940, no writ); *Kinsey v. Kinsey*, 77 S.W.2d 881 (Tex.Civ.App. Dallas 1934, no writ); *Crawford v. Crawford,*

163 S.W. 115 (Tex.Civ.App. Texarkana 1913, no writ). The standard of review by this Court, even under the requirements of Article 2293, is that the appointment of a receiver by the trial court will not be disturbed unless there is a clear showing of abuse of discretion. *Sloan v. Sloan*, 474 S.W.2d 272 (Tex.Civ.App. Waco 1971, no writ); *Taylor v. Taylor*, 91 S.W.2d 394 (Tex. Civ.App. Amarillo 1936, no writ). No such showing has here been made and our review of the record reveals sufficient evidence to support the trial court's orders. Appellant's first eight points are therefore overruled.

Appellant further asserts that the court erred in reducing the amount of the previously ordered support payments and in failing to find the appellee in contempt of court because of his violation of the court's initial temporary order. Each of these orders are clearly interlocutory and as such are not subject to be appealed. Except for injunctive orders and orders appointing a receiver, orders entered pursuant to Section 3.58 of the Tex.Family Code Ann. are not appealable. *Wells v. Wells*, 539 S.W.2d 220 (Tex.Civ.App. Houston-1st Dist. 1976, writ dism'd); *Dickson v. Dickson*, 516 S.W.2d 28 (Tex.Civ.App. Austin 1974, no writ); *Dakan v. Dakan*, 53 S.W.2d 682 (Tex.Civ.App. Eastland 1932, no writ). If the temporary support order is considered only as a temporary order for child support under Section 11.11 of the Tex.Family Code Ann., it is still not appealable. *Craft v. Craft*, 579 S.W.2d 506 (Tex.Civ.App. Dallas), *writ ref'd per curiam*, 580 S.W.2d 814 (Tex.1979).

The order of the trial court is sustained.