**James M. READHIMER, Appellant,**

v.

**Elena Hernandez De READHIMER, Appellee.**

No. 01–86–0816–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 2, 1987.

Dean H. Fisher, Mikus, Fisher & Readhimer, P.C., Houston, for appellant.

Harry L. Tindall, Janice E. Pardue, Tindall & Foster, Houston, for appellee.

Before WARREN, HOYT and DUNN, JJ.

## OPINION

HOYT, Justice.

This is an appeal from the appointment of a receiver pending a divorce.

On May 28, 1986, after a hearing for temporary relief, the trial court issued orders charging each of the parties with various duties and responsibilities. Appellant was ordered, among other things, to make the mortgage payments on the parties' residence (including yard maintenance), and pay appellee $1500 per month temporary support. The parties were ordered to file inventories of their property. Also, on May 28, 1986, the trial court ordered appellant to pay $35,000 in interim attorneys fees to appellee's attorney and prohibited appellant from making further payments to his own attorneys.

On May 28, 1986, appellant paid $5,312.66 to appellee's attorney and filed his inventory which, listed real and personal property located in the United States and Mexico. On July 14, 1986, appellee filed an amended inventory and appraisment listing the same property.

On June 6 and August 13, 1986, appellant filed motions alleging that he was unable to make the court-ordered payments,

and requesting permission to: 1) sell stock; 2) sell the Cadillac temporarily awarded to appellee and give her the Pontiac; and 3) list the parties' residence for sale. Although appellant stated that he made his request in order to comply with the court's prior orders, and twice offered to deposit the proceeds into the registry of the court, the trial court denied each of his motions.

On June 13 and August 20, 1986, appellee filed motions for the appointment of a receiver. In the motions, appellee alleged that because of appellant's conduct in failing to make the mortgage payment, to pay interim attorney's fees, and to pay support as ordered, the community would suffer irreparable loss if a receiver were not immediately appointed. A hearing was held on these motions on September 16, 1986. No evidence was presented at the hearing; however, the court heard counsels' arguments and appointed a receiver over all of the parties' property. It is from this order that appellant appeals.

After appellant perfected this appeal, appellee filed a motion to dismiss the appeal, asserting through certified copies of documents and orders that (1) appellant's trial attorney no longer represented him because appellant was enjoined from paying his attorney's fees, and had subsequently intervened in the divorce action requesting payment out of the marital estate; and (2) the trial court confirmed the sale of the same stock that it had denied appellant permission to sell, and ordered "interim receiver's fees (including reimbursement for out-of-pocket expenses), [in] the sum of $5,000." Appellee's motion to dismiss is denied.

In six points of error, appellant contends that the court erred in appointing a receiver because: 1) a less harsh remedy was available; 2) there was no evidence or insufficient evidence supporting the requirements for the appointment of the receiver; 3) the court failed to set a sufficient receiver's bond; 4) the court's written order contravened its oral orders and was issued by the court without an opportunity for the parties to be heard; and 5) the court appointed a receiver over property located outside its jurisdiction.

Tex.Fam.Code Ann. sec. 3.58(c) (Vernon Supp.1987) provides:

> c) After a petition for divorce ... is filed, the court, on the motion of any party or on the court's own motion, may make any appropriate order ... (5) appointing a receiver *for the preservation and protection of the property of the parties....* [Emphasis added.]

■ Unlike receiverships authorized by the Civil Practice and Remedies Code, the Family Code does not set out the predicate necessary to support a receivership order. *Compare* Tex.Civ.Prac. & Rem.Code Ann. ch. 64 (Vernon 1986 & Supp.1987). This Court is aware of cases reciting that, in a divorce case, the court may appoint a receiver without any showing that the property is in danger of being lost, removed, or materially injured. *Sparr v. Sparr,* 596 S.W.2d 164 (Tex.Civ.App.—Texarkana 1980, no writ); *Jones v. Jones,* 211 S.W.2d 269 (Tex.Civ.App.—El Paso 1944, no writ); *Hursey v. Hursey,* 147 S.W.2d 968 (Tex. Civ.App.—Dallas 1941, no writ). The better rule, however, would require a showing that the parties' property was in danger and that a less harsh remedy was unavailable before a receiver is appointed. It certainly would require some evidence and a record demonstrating the options that the court could or did consider. Failure to make an adequate record has been found to be an abuse of discretion. *Parness v. Parness,* 560 S.W.2d 181 (Tex.Civ.App.—Dallas 1977, no writ).

■ We conclude that the family district courts do not have unbridled discretion. *See, e.g., North Side Bank v. Wachendorfer,* 585 S.W.2d 789 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). A receiver is not appointed for the benefit of the applicant, but to receive and preserve the property for the benefit of all parties interested therein. *Sloan v. Sloan,* 474 S.W.2d 272 (Tex.Civ.App.—Waco 1971, no writ).

■ In the instant cause, divorce actions are pending in both Mexico and the United States; and the receivership order includes

all of the marital estate, including working plantations in Mexico. The order also purports to include real property in Mexico over which the trial court had no subject matter jurisdiction. *Texas & Pac. Ry. Co. v. Gay*, 86 Tex. 571, 585–6, 26 S.W. 599, 603 (1894). We hold that the trial court abused its discretion in appointing a receiver because there was no evidence showing that a receivership was necessary for the preservation and protection of the property.

Because we sustain appellant's second point of error, it is unnecessary to determine appellant's remaining points of error. The judgment of the trial court is reversed, and the cause remanded.