**Glenn Allen NOREM, Appellant,**

v.

**Marie Antoinette NOREM, Appellee.**

No. 05–02–01396–CV.

Court of Appeals of Texas, Dallas.

April 17, 2003.

**214**

Charles W. McGarry, Dallas, for appellant.

Waylon McMullen, Dallas, for appellee.

Before Justices WHITTINGTON, FARRIS,[1] and ROSENBERG.[2]

**OPINION**

Opinion by Justice ROSENBERG (Assigned).

Glenn Allen Norem appeals from an interlocutory order appointing a receiver in a suit for divorce. In three issues, Glenn claims the trial court abused its discretion in appointing a receiver over the community property shares of a corporation and granting certain powers to the receiver to control the corporation. We agree the trial court abused its discretion in its grant of authority to the receiver but not in appointing the receiver. Therefore, we affirm the order in part and reverse and remand in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 6, 2000, Marie Antoinette Norem sued her husband Glenn for divorce. In February 2000, Glenn filed a counter-suit. On June 13, 2002, Marie filed an application for the appointment of a receiver under Chapter 64 of the Texas Civil Practice and Remedies Code, alleging that Glenn was "self-dealing, hiding and/or transferring marital assets in violation of the Orders of this [255th Judicial District] Court." She alleged that Glenn had caused the marital estate to deteriorate. She alleged that these were grounds to appoint a receiver for eeParts, Inc. and Catalyst Financial Corporation, the businesses Glenn operated and controlled. At a temporary hearing, the associate judge reduced Glenn's support payments to $4,400 per month beginning August 1, 2002, ordered Glenn to pay $55,000 to Marie's counsel by liquidating his Network One Financial account and borrowing the difference using his IRA as collateral, and denied the motion to appoint a receiver.

Both Marie and Glenn appealed that decision to the district judge. At the August 2, 2002 hearing, the trial court heard Glenn's appeal of the support and attor-

1. The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

2. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

ney's fee award. The court affirmed the associate judge's ruling on those matters and reset the hearing on the receivership to August 9, 2002, if the attorney's fees were not paid by that date. The court warned Glenn that if the order on payment of attorney's fees was not "complied with by the deadline that we've set here, I will find whatever way I can under the rules to make sure those are paid. And, if it means having all of your stock put in the hands of a receiver and a new board of directors elected, then that's very well what could happen."

Glenn did not pay the attorney's fees, and the hearing on the receivership was held. The trial court began the hearing by concluding that the corporations for which Marie sought appointment of a receiver were not parties to the divorce action. The court proceeded on the basis that it had authority to appoint a receivership for the community property shares of stock in the two corporations. At the conclusion of the hearing, the trial court ordered a receiver appointed to take charge and possession of "any and all of the Community Estate[']s interest in the shares of stock, warrants and notes payable with regard to eeParts, Inc and Catalyst Financial Corporation." The court authorized the receiver to:

- call meetings, vote the stock, elect officers, and control and dispose of the property as he saw fit in his sole discretion;
- employ professionals reasonably necessary to assist him with his responsibilities;
- determine whether or not Glenn performed ultra vires type acts since July 26, 2000 in violation of other court orders, by executing shareholder agreements or other corporate documents, and if so, then set them aside; and

- obtain corporate books, financial records, transfer ledgers, shareholder lists, and executed documents since July 26, 2000 and sign stock powers, powers of attorney, or any other document deemed necessary or essential to the receiver.

In three issues, Glenn appealed the appointment of the receiver and the powers granted to the receiver.

## THE RECEIVER

First, Glenn complains that the trial court abused its discretion in appointing a receiver over the corporations when they were not parties to the suit. He points to the powers given the receiver to demonstrate a receiver of the corporations was appointed. Nevertheless, the trial judge limited the hearing to the issue of the appointment of a receiver of the shares, and the order stated that the receiver was appointed "to take charge and possession" of the community's interest in the corporate stock. Therefore, we conclude that the trial court did not appoint a receiver for the corporations but instead appointed a receiver over the community estate's interest in shares of stock, warrants, and notes payable. Thus, we need not consider whether the trial court abused its discretion in appointing a receiver for the corporations.

Next, Glenn complains that, if a receiver was limited to stock shares, warrants, and notes payable, then the trial court abused its discretion in appointing a receiver because, first, there was no evidence that the property was in danger of being lost, removed, or materially injured and, second, the powers invested in the receiver were excessive powers over the corporation. Glenn contends that the standard for appointing a receiver under the Texas Family Code is more onerous than the standard for appointing a receiver under Chapter 64

of the Texas Civil Practice and Remedies Code. He asserts this burden has not been met. *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990) (per curiam) (stating test for abuse of discretion is whether trial court acted without reference to any guiding rules or principles, i.e., whether the act was arbitrary or unreasonable).

■ Under section 6.502 of the family code, the court may render an appropriate order, including the appointment of a receiver, for the preservation of the property and protection of the parties as deemed necessary and equitable during the pendency of a divorce. TEX. FAM.CODE ANN. § 6.502(a)(5) (Vernon Supp.2003). This power has been interpreted to give the district court the broadest form of discretion in granting temporary orders. *See Florence v. Florence,* 388 S.W.2d 220, 224 (Tex.Civ.App.-Tyler 1965, writ dism'd w.o.j.); *Allen v. Allen,* 366 S.W.2d 650, 651 (Tex.Civ.App.-Amarillo 1963, no writ); *Kinsey v. Kinsey,* 77 S.W.2d 881, 882 (Tex. Civ.App.-Dallas 1934, no writ). Thus, under section 6.502(a)(5), the trial court has broad discretionary powers to act as necessary for the preservation and protection of the parties' property toward its goal of dividing the community property in a just and right manner, and its order cannot be disturbed unless there is a clear showing of an abuse of discretion. *Sparr v. Sparr,* 596 S.W.2d 164, 165–66 (Tex.Civ.App.-Texarkana 1980, no writ) (applying predecessor statute).

■ This Court has recognized that for the trial court to use this discretion, there are no pleading requirements of insolvency of the party, inadequacy of a legal remedy, or other equitable grounds. *Hursey v. Hursey,* 147 S.W.2d 968, 970 (Tex.Civ.App.-Dallas 1940, no writ). The applicant's burden is to make a proper showing of entitlement to a receiver. *Id.* Glenn argues that a proper showing must include evidence that the property is in danger of being lost, removed, or materially injured and that a less harsh remedy is not available. *See Readhimer v. Readhimer,* 728 S.W.2d 872, 873 (Tex.App.-Houston [1st Dist.] 1987, no writ). However, unlike receiverships authorized by the Texas Civil Practice and Remedies Code, the family code does not set out a predicate to support a receivership order. *Id.* And the family code controls the appointment of receiver in a divorce suit. *See Young v. Young,* 765 S.W.2d 440, 444 (Tex.App.-Dallas 1988, no writ); *see also Parr v. First State Bank,* 507 S.W.2d 579, 583 (Tex.Civ.App.-San Antonio 1974, no writ) (when considering a request for appointment of receiver in independent suit by creditor, necessity for receivership is not to be weighed under rules applicable to receivership ancillary to divorce action). Under the family code, the trial court appoints a receiver when it deems it necessary and equitable for the preservation and protection of the marital property. TEX. FAM.CODE ANN. § 6.502(a)(5). Thus, for the court to appoint a receiver pursuant to the family code there must be evidence that the receivership is for the protection and preservation of the marital estate.[3]

---

3. *Parness v. Parness,* 560 S.W.2d 181 (Tex.Civ. App.-Dallas 1977, no writ), appears to limit receiverships in temporary orders to property that is in present danger of being lost, removed, or materially injured and no other, less harsh, remedy is available that will afford the needed protection. *Parness,* however, does not refer to the family code provisions.

All its authorities refer to receivership under other receivership statutes. *See id.* at 182. In subsequent opinions, this Court has determined that the family code provisions do not have the same standard of proof as other receivership statutes. *See Young,* 765 S.W.2d at 444. Therefore, we conclude that the standards and reasoning of *Parness* do not apply

Here, Marie presented evidence that the value of the community estate had diminished in value during the pendency of the divorce suit. Marie's testimony established that Glenn had not followed orders to deliver property and pay attorney's fees from community property. The evidence demonstrated that many of the community assets had been sold and the funds dispersed. Marie testified that Glenn had moved, sold, transferred, and encumbered property in violation of court orders and injunctions. The evidence supports the appointment of a receivership of the shares of stock, warrants, and notes payable to protect this remaining community property. Accordingly, we conclude the trial court did not abuse its discretion in appointing the receiver.

Glenn, additionally, complains that the trial court abused its discretion in its grant of powers to the receiver. He asserts the powers granted the receiver over the corporations exceeded those of a shareholder. Marie responds that the trial court only granted powers of a shareholder.

A receiver of corporate shares has all the rights and powers of a shareholder except as limited by the trial court's order. *Newman v. Toy*, 926 S.W.2d 629, 631 (Tex.App.-Austin 1996, writ denied). Here, the evidence demonstrated that Glenn was not the sole shareholder in either corporation. There was no evidence of shareholders' rights. Nevertheless, the trial court authorized the receiver to call meetings, elect the board, sell corporate property, and negate corporate acts without regard to the appropriate corporate governance. Consequently, we conclude the trial court abused its discretion in the grant of powers to the receiver.

We resolve Glenn's three issues against him as to his complaints about the appointment of the receiver and resolve the three issues in his favor as to his complaints that the trial court abused its discretion in providing for receiver's authority. Therefore, we affirm the trial court's order as far as it appoints a receiver and reverse the remainder and remand it to the trial court for further proceedings.

to setting standards of proof under the family code provisions.