NUMBER 13-07-116-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


______________________________________________________


IN RE CECILIA RAMIREZ PENA






On Petition for Writ of Mandamus 
 





MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Vela 


Per Curiam Memorandum Opinion (1)



 On February 23, 2007, Cecilia Ramirez Pena filed a petition for writ of mandamus,
an emergency motion for stay of the trial court proceedings, and a motion for leave to
amend the petition for writ of mandamus upon receipt of the reporter's record and court
order. Pena requests that this Court direct the Honorable Fred Garza, presiding judge of
County Court at Law Number Four of Hidalgo County, Texas, to vacate his order
authorizing Jaime Pena to sell specified real property that is part of the parties' marital
estate.

 On February 26, 2007, the Court granted the motion for emergency stay and stayed
the proceedings below, including the sale of the real estate at issue in this original
proceeding. The Court requested that the real party in interest, Jaime Pena, file a
response to relator's petition for writ of mandamus, and said response was filed on March
2, 2007. The Court granted relator's motion for leave to amend the petition for writ of
mandamus upon receipt of the reporter's record and court order.

 The Court, having examined and fully considered the petition for writ of mandamus
and the response, is of the opinion that relator has not shown herself entitled to the relief
sought and the petition for writ of mandamus should be denied. See Tex. R. App. P. 52.8. 
 This matter arises from a divorce proceeding. The trial court's temporary orders
provide, in part, that:

 IT IS ORDERED that only [Jaime Pena] may conduct any business relative
to the property on 23rd Street and any attempts to sell or encumber the
same and [Cecilia Pena] is enjoined from making any phone calls or contacts
to any persons with whom discussions are ongoing concerning the property
and Jaime Pena has sole management and control of the property; provided,
however, that Jaime Pena is ORDERED to keep [Cecilia Pena] advised of
any pending matters concerning the property on a reasonable basis. 


On February 15, 2007, Jaime Pena filed an emergency motion requesting that the trial
court "order the sale of the real property to pay the outstanding and past due note . . . and
[o]rder that the balance of the funds be held to pay other community debt." On February
22, 2007, the trial court held a hearing on this motion and granted same. This original
proceeding ensued. 

 Under section 6.502 of the Texas Family Code, the trial court may render an
appropriate order for the preservation of marital property and protection of the parties as
deemed necessary and equitable during the pendency of a divorce. See Tex. Fam. Code
Ann. § 6.502(a)(5) (Vernon Supp. 2006). District courts have the broadest form of
discretion in issuing temporary orders. See Norem v. Norem, 105 S.W.3d 213, 216 (Tex.
App.-Dallas 2003, no pet.); Allen v. Allen, 366 S.W.2d 650, 651 (Tex. Civ. App.-Amarillo
1963, no writ). The trial court's order cannot be disturbed unless there is a clear showing
of an abuse of discretion. Sparr v. Sparr, 596 S.W.2d 164, 165-66 (Tex. Civ.
App.-Texarkana 1980, no writ) (applying predecessor statute). 

 While we sympathize with relator's concern about the unilateral aspect of the trial
court's orders insofar as they grant Jaime Pena the sole right to manage or sell the
property, we nevertheless conclude that relator has failed to establish a "clear showing"
that the trial court abused its discretion. Based on the record, the trial court had before it
evidence from which it may have reasonably concluded that the sale was necessary for the
preservation of marital property. We would further note that the trial court has entered
other temporary orders relative to the protection of the parties which enure to relator's
benefit. For instance, the trial court's temporary order expressly prohibits harming or
reducing the value of marital property. We are confident that the trial court will issue any
further temporary orders necessary to preserve the community assets of the parties,
including, if necessary, the appointment of a receiver.

 Accordingly, the stay is hereby ordered LIFTED, and the petition for writ of
mandamus is DENIED.

 PER CURIAM


Memorandum Opinion delivered and filed

this 14th day of March, 2007.
1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).