# NO. 12-07-00334-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BOBBY STOKER,*<br>*APPELLANT* | § | *APPEAL FROM THE 307TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *PAULINE STOKER,*<br>*APPELLEE* | § | *GREGG COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Bobby Stoker appeals the trial court's order appointing a receiver to sell the community residence once occupied by him and his former wife, Pauline Stoker. In one issue, Bobby argues that the trial court abused its discretion in appointing a receiver where no evidence was admitted in support of Pauline's motion. We reverse and render.

### BACKGROUND

On February 17, 2006, the trial court entered a final divorce decree, which divided Bobby and Pauline's community property. Bobby and Pauline were each awarded an undivided one-half interest in the community residence, which the trial court ordered partitioned by sale. Specifically, the divorce decree provided that

> [t]he property shall be sold for a price that is mutually agreeable to [the parties]. If [the parties] are unable to agree on a sales price, the property shall be sold to the person or persons making the highest offer to purchase the property and/or on the application of either party, the property shall be sold under terms and conditions determined by a court-appointed receiver.

On June 4, 2007, Pauline filed an application for appointment of a receiver to sell the subject

property. The trial court conducted a hearing on the application on July 5, 2007. At the hearing, no evidence was offered by either party. Rather, the trial court heard argument from the parties' attorneys. At the conclusion of the hearing, the trial court stated that based on the "testimony," it would appoint a receiver. The trial court signed a written order appointing a receiver on August 13, 2007. This interlocutory appeal followed.[1]

## APPOINTMENT OF RECEIVER

In his sole issue, Bobby argues that the trial court erred in appointing a receiver where no evidence was admitted in support of Pauline's motion. We review an appointment of a receiver for an abuse of discretion. *Edmonds v. Gray*, No. 12-07-00258-CV, 2008 WL 541673, at *5 (Tex. App.–Tyler Feb. 29, 2008, no pet.); *Sheikh v. Sheikh*, No. 01-05-01022-CV, 2007 WL 4387249, at *3 (Tex. App.–Houston [1st Dist.] Dec. 13, 2007, no pet.). The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985). Rather, the question is whether the court acted without reference to any guiding rules and principles. *See id.* at 241–42. In other words, we must determine whether the act was arbitrary or unreasonable. *Id.* at 242. The mere fact that a trial court may decide a matter within its discretionary authority in a manner different from that of an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.*

Moreover, under the abuse of discretion standard, legal and factual insufficiency are not independent reversible grounds, but are relevant components in assessing whether the trial court abused its discretion. *In re L.R.P.*, 98 S.W.3d 312, 313 (Tex. App.–Houston [1st Dist.] 2003, pet. dism'd); *Farish v. Farish*, 921 S.W.2d 538, 542 (Tex. App.–Beaumont 1996, no writ). In making this determination, the reviewing court must view the evidence in the light most favorable to the actions of the trial court and indulge every legal presumption in favor of the judgment. *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 578 (Tex. App.–Houston [1st Dist.] 1997, pet. denied); *In re S.B.C.*, 952 S.W.2d 15, 17–18 (Tex. App.–San Antonio 1997, no writ). If there is some evidence of a

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1) (Vernon Supp. 2007).

substantive and probative character to support the judgment, the trial court did not abuse its discretion. *Nordstrom*, 965 S.W.2d at 578; *In re S.B.C.*, 952 S.W.2d at 18.

The trial court's authority to appoint a receiver for real property in a divorce action arises from Texas Family Code, section 6.502(a)(5). Yet, the Family Code does not specifically set forth the predicate necessary to support an order appointing a receiver. *See Readhimer v. Readhimer*, 728 S.W.2d 872, 873 (Tex. App.–Houston [1st Dist.] 1987, no writ). In the past, our sister courts of appeals have sought to extrapolate the necessary predicate for the appointment of a receiver under the Family Code. *See, e.g., Sparr v. Sparr*, 596 S.W.2d 165, 165 (Tex. Civ. App.–Texarkana 1980, no writ) (holding that a trial court in a divorce case may appoint a receiver without any showing that the property is in danger of being lost, removed, or materially injured); *Jones v. Jones*, 211 S.W.2d 269, 274 (Tex. Civ. App.–El Paso 1944, no writ) (the power of the court to appoint a receiver to take charge of the property involved was not limited or circumscribed by the provisions of [Texas Civil Practice and Remedies Code, section 64.001(b)]); *see also Norem v. Norem*, 105 S.W.3d 213, 216 (Tex. App.–Dallas 2003, no pet.) (for a court to appoint a receiver pursuant to the Family Code, there must be evidence that the receivership is for the protection and preservation of the marital estate); *Readhimer*, 728 S.W.2d at 873 (holding that the better rule would require a showing that the parties' property was in danger and that a less harsh remedy was unavailable before a receiver is appointed). And though the ultimate determinations as to the required predicate have varied, there remains some commonality to the analysis with regard to the requirement that the order appointing a receiver must be supported by evidence of some sort. *See, e.g., Norem*, 105 S.W.3d at 216 (for a court to appoint a receiver pursuant to the Family Code, there must be evidence that the receivership is for the protection and preservation of the marital estate); *Readhimer*, 728 S.W.2d at 873 (the predicate for appointment of a receiver "certainly would require some evidence and a record demonstrating the options that the court could or did consider"); *Parness v. Parness*, 560 S.W.2d 181, 182 (Tex. Civ. App.–Dallas 1977, no writ) (only where the evidence shows some serious injury will result to the applicant, or is threatened, will the drastic remedy of receivership be applied).

In the case at hand, the trial court heard argument from counsel, but no evidence was presented at the hearing on Pauline's application. Although the trial court in a divorce case has broad discretion in appointing a receiver, such discretion is not unbridled. *See Readhimer*, 728

S.W.2d at 873.  Thus, we hold that the trial court abused its discretion in appointing a receiver where the application was unsupported by evidence.  Bobby's sole issue is sustained.

## DISPOSITION

Having sustained Bobby's sole issue, we *reverse* the trial court's order and *render* judgment *vacating* the receivership.

BRIAN HOYLE
Justice

Opinion delivered May 14, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4