02-11-358-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00358-CV

 

 


 
 
 Gilda
 M. Brawley
  
  
 v.
  
  
 Cherri
 Huddleston
 
 
 §
  
 §
  
 §
  
 §
 
 
 From the 325th District
 Court
  
 of
 Tarrant County (325-427357-07)
  
 December
 6, 2012
  
 Opinion
 by Justice Meier
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
error in the trial court’s judgment awarding Appellee Cherri Huddleston
receivership and attorney’s fees.  It is ordered that the judgment of the trial
court is reversed and we render a judgment that Appellee Cherri Huddleston take
nothing on her intervention for receivership fees.

          It is further
ordered that Appellee Cherri Huddleston shall pay all costs of this appeal, for
which let execution issue.

 

SECOND DISTRICT COURT OF APPEALS 

 

By_________________________________

    Justice Bill Meier

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00358-CV

 

 


 
 
 Gilda M. Brawley
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Cherri Huddleston
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 325th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          In
two issues, Appellant Gilda M. Brawley appeals from a judgment awarding
Appellee Cherri Huddleston receivership fees.  We will reverse and render
judgment in favor of Gilda.

          Gilda
and her husband, Samuel Brawley, were involved in divorce proceedings when on
June 2, 2009, the trial court appointed Huddleston receiver of a property owned
by the Brawleys.  Huddleston’s primary responsibility—according to the order
appointing her receiver—was to sell the property.

          Soon
thereafter, Gilda filed a motion for new trial (1) referencing a letter
issued by the trial court on May 29, 2009, that apparently set out the
trial court’s proposed property division in the divorce; (2) arguing that
the trial court’s property division was “grossly disproportionate, unjust and
without justification”; and (3) requesting that the order appointing a
receiver be set aside.[2]  The trial court denied
the motions for new trial.

          On
September 1, 2009, Huddleston filed a “Motion for Enforcement of
Receivership,” alleging that she had been unable to fully perform her duties as
receiver because of various conflicts that she had encountered with Gilda and
Samuel.  A few weeks later, the trial court signed an order dismissing the
Brawleys’ divorce action but indicating that Huddleston’s “request . . . for
payment survives.”

          On
October 13, 2009, Huddleston filed her first amended post-judgment
petition in intervention for receivership fees, requesting “recovery for the
reasonable value of the services [that she] performed” as receiver and
attorney’s fees.  After a hearing on the petition, the trial court issued a
letter finding that Huddleston was entitled to recover $5,700 for her services
rendered as receiver and $1,591 in attorney’s fees.  The trial court signed a
final judgment awarding Huddleston the same in June 2011.

          In
her first issue, Gilda argues that the trial court abused its discretion by
appointing Huddleston receiver of the Brawleys’ property.  She contends that there
was no risk of harm to the property and that neither party requested that a receiver
be appointed.

          In
addition to pointing out that Gilda never pursued an interlocutory appeal of
the order appointing a receiver, Huddleston responds that Gilda designated only
a partial reporter’s record but failed to comply with rule of appellate
procedure 34.6(c)(1).  Huddleston contends that we must therefore presume that
the non-designated portions of the record support the trial court’s decision to
appoint a receiver.  We address this contention first.

          An
appellant may pursue an appeal on a partial reporter’s record if he includes a
statement of points or issues to be presented on appeal in his request for the
reporter’s record.  Tex. R. App. P. 34.6(c)(1).  Any other party may then
designate additional portions of the record that they believe are relevant to
the appeal, and the appellate court will presume that the partial reporter’s
record constitutes the entire record for purposes of reviewing the stated
points or issues.  Tex. R. App. P. 34.6(c)(2), (4).

          But
in Bennett v. Cochran, the supreme court held that the statement of
points or issues need not be included in the request for the reporter’s record
so long as the statement is made at such a time that the other side’s appellate
posture is not impaired.  96 S.W.3d 227, 229 (Tex. 2002).  Bennett’s tardy
statement of points or issues was sufficient to satisfy rule 34.6(c) because
Cochran had more than two months after he first received notice of Bennett’s
statement of issues to file his appellee’s brief, and Cochran did not argue
that Bennett’s delay prevented him from identifying the relevant issues or supplementing
the reporter’s record or that he had insufficient time to adequately prepare
his appellate arguments.  Id. at 229–30.  The supreme court thus
“adopted a more flexible approach in certain cases . . . when
a rigid application of Rule 34.6 would result in denying review on the merits,
even though the appellee has not established any prejudice from a slight
relaxation of the rule.”  Id. at 229.

          Here,
the only trial court proceeding that Gilda designated to be included in the reporter’s
record was the November 20, 2009 hearing on Huddleston’s action to recover
receivership fees.  Gilda did not include a statement of points with the
request, but she did indicate in her notice of appeal that she intended to
challenge the trial court’s judgment awarding Huddleston receivership and
attorney’s fees.  See Melton v. Toomey, 350 S.W.3d 235, 237 (Tex.
App.—San Antonio 2011, no pet.) (holding that statement of points in notice of
appeal sufficient to invoke rule 34.6(c)(4) presumption).  Moreover, to the
extent that Huddleston harbored any lingering doubts about the issues that
Gilda intended to raise, Gilda’s appellate brief unambiguously identified her
intent to challenge the trial court’s decision to appoint Huddleston receiver,
and several months elapsed between when Gilda filed her brief and when
Huddleston filed her brief.  Thus, Huddleston had an opportunity to request
that the reporter’s record be supplemented with additional trial court
proceedings, including the hearing at which the parties apparently litigated
the property division, which preceded the trial court’s order appointing
Huddleston receiver, and she does not argue that she had insufficient time to
prepare her arguments or that she was otherwise prejudiced.  Therefore, because
Huddleston could have designated additional trial court proceedings that she
may have considered relevant to the issues raised by Gilda but did not do so, and
because she does not argue that she was prejudiced by Gilda’s failure to
strictly comply with rule 34.6(c), we will implement rule 34.6(c)(4)’s
presumption that the reporter’s record as designated constitutes the entire
record for purposes of reviewing Gilda’s issues.  See Tex. R. App. P.
34.6(c)(4); Bennett, 96 S.W.3d at 229–30.

          The
family code permits the trial court to appoint a receiver during a suit for
dissolution of a marriage for the preservation and protection of the property
of the parties.  Tex. Fam. Code Ann. § 6.502(a)(5) (West 2006).  We will
not disturb the trial court’s order appointing a receiver absent an abuse of
discretion.  Norem v. Norem, 105 S.W.3d 213, 216 (Tex. App.—Dallas 2003,
no pet.).  A trial court abuses its discretion if the court acts without
reference to any guiding rules or principles, that is, if the act is arbitrary
or unreasonable.  Low v. Henry, 221 S.W.3d 609, 614 (Tex. 2007);
Cire v. Cummings, 134 S.W.3d 835, 838–39 (Tex. 2004).

          At
the hearing on November 20, 2009, Huddleston testified about her fees and
the problems that she had encountered dealing with Gilda and Samuel when
attempting to perform her duties as receiver.  Although she acknowledged that
Gilda’s and Samuel’s attorneys had told her not to proceed with the sale of the
property, she explained that she only takes instructions from the trial court
and that she had continued to perform services as receiver because she was
abiding by the order of the court to do so.  Gilda testified that she had
informed Huddleston that she and Samuel did not want to sell the house, and
Samuel testified that he told Huddleston that they were going to sell the
property at a later date.  Thus, the hearing consisted of Gilda and Samuel
questioning Huddleston as to why she continued to perform receivership services
after being told not do so and Huddleston explaining that she had an obligation
to perform services as receiver until ordered otherwise.  There was no
testimony or evidence relating to whether the appointment of a receiver was
necessary for the preservation and protection of the Brawleys’ property.  See
Tex. Fam. Code Ann. § 6.502(a)(5).

          Huddleston
additionally argues that Gilda’s first issue is unpersuasive because she did
not pursue an interlocutory appeal of the order appointing a receiver, as she
could have done, see Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1)
(West Supp. 2012); Tex. Fam. Code Ann. § 6.507 (West 2006), but Huddleston
directs us to no authority holding that Gilda’s decision to not pursue an
interlocutory appeal of the order appointing a receiver somehow prohibits her
from raising the same issue now in a direct appeal after a final judgment has
been entered.  See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)
(stating that a person “may” appeal from an interlocutory order under certain
circumstances).

          We
hold that the trial court abused its discretion by appointing Huddleston
receiver.  We sustain Gilda’s first issue and do not address her second issue. 
See Tex. R. App. P. 47.1.  Having sustained Gilda’s first, dispositive
issue, we reverse the trial court’s judgment awarding Huddleston receivership
and attorney’s fees and render judgment that Huddleston take nothing on her
intervention for receivership fees.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
GARDNER,
MCCOY, and MEIER, JJ.

 

DELIVERED:  December 6, 2012









[1]See Tex. R. App. P. 47.4.





[2]Samuel also filed a motion
for new trial challenging the trial court’s proposed property division.