

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00358-CV

| | | |
|---|---|---|
| Gilda M. Brawley | § | From the 325th District Court |
| | § | of Tarrant County (325-427357-07) |
| v. | | |
| | § | December 6, 2012 |
| Cherri Huddleston | § | Opinion by Justice Meier |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was error in the trial court's judgment awarding Appellee Cherri Huddleston receivership and attorney's fees. It is ordered that the judgment of the trial court is reversed and we render a judgment that Appellee Cherri Huddleston take nothing on her intervention for receivership fees.

It is further ordered that Appellee Cherri Huddleston shall pay all costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Bill Meier



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00358-CV

---

GILDA M. BRAWLEY                APPELLANT

V.

CHERRI HUDDLESTON              APPELLEE

----------

## FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In two issues, Appellant Gilda M. Brawley appeals from a judgment awarding Appellee Cherri Huddleston receivership fees. We will reverse and render judgment in favor of Gilda.

Gilda and her husband, Samuel Brawley, were involved in divorce proceedings when on June 2, 2009, the trial court appointed Huddleston receiver

---

[1]*See* Tex. R. App. P. 47.4.

of a property owned by the Brawleys. Huddleston's primary responsibility—according to the order appointing her receiver—was to sell the property.

Soon thereafter, Gilda filed a motion for new trial (1) referencing a letter issued by the trial court on May 29, 2009, that apparently set out the trial court's proposed property division in the divorce; (2) arguing that the trial court's property division was "grossly disproportionate, unjust and without justification"; and (3) requesting that the order appointing a receiver be set aside.[2] The trial court denied the motions for new trial.

On September 1, 2009, Huddleston filed a "Motion for Enforcement of Receivership," alleging that she had been unable to fully perform her duties as receiver because of various conflicts that she had encountered with Gilda and Samuel. A few weeks later, the trial court signed an order dismissing the Brawleys' divorce action but indicating that Huddleston's "request . . . for payment survives."

On October 13, 2009, Huddleston filed her first amended post-judgment petition in intervention for receivership fees, requesting "recovery for the reasonable value of the services [that she] performed" as receiver and attorney's fees. After a hearing on the petition, the trial court issued a letter finding that Huddleston was entitled to recover $5,700 for her services rendered as receiver

---

[2]Samuel also filed a motion for new trial challenging the trial court's proposed property division.

3

and $1,591 in attorney's fees. The trial court signed a final judgment awarding Huddleston the same in June 2011.

In her first issue, Gilda argues that the trial court abused its discretion by appointing Huddleston receiver of the Brawleys' property. She contends that there was no risk of harm to the property and that neither party requested that a receiver be appointed.

In addition to pointing out that Gilda never pursued an interlocutory appeal of the order appointing a receiver, Huddleston responds that Gilda designated only a partial reporter's record but failed to comply with rule of appellate procedure 34.6(c)(1). Huddleston contends that we must therefore presume that the non-designated portions of the record support the trial court's decision to appoint a receiver. We address this contention first.

An appellant may pursue an appeal on a partial reporter's record if he includes a statement of points or issues to be presented on appeal in his request for the reporter's record. Tex. R. App. P. 34.6(c)(1). Any other party may then designate additional portions of the record that they believe are relevant to the appeal, and the appellate court will presume that the partial reporter's record constitutes the entire record for purposes of reviewing the stated points or issues. Tex. R. App. P. 34.6(c)(2), (4).

But in *Bennett v. Cochran*, the supreme court held that the statement of points or issues need not be included in the request for the reporter's record so long as the statement is made at such a time that the other side's appellate

4

posture is not impaired. 96 S.W.3d 227, 229 (Tex. 2002). Bennett's tardy statement of points or issues was sufficient to satisfy rule 34.6(c) because Cochran had more than two months after he first received notice of Bennett's statement of issues to file his appellee's brief, and Cochran did not argue that Bennett's delay prevented him from identifying the relevant issues or supplementing the reporter's record or that he had insufficient time to adequately prepare his appellate arguments. *Id.* at 229–30. The supreme court thus "adopted a more flexible approach in certain cases . . . when a rigid application of Rule 34.6 would result in denying review on the merits, even though the appellee has not established any prejudice from a slight relaxation of the rule." *Id.* at 229.

Here, the only trial court proceeding that Gilda designated to be included in the reporter's record was the November 20, 2009 hearing on Huddleston's action to recover receivership fees. Gilda did not include a statement of points with the request, but she did indicate in her notice of appeal that she intended to challenge the trial court's judgment awarding Huddleston receivership and attorney's fees. *See Melton v. Toomey*, 350 S.W.3d 235, 237 (Tex. App.—San Antonio 2011, no pet.) (holding that statement of points in notice of appeal sufficient to invoke rule 34.6(c)(4) presumption). Moreover, to the extent that Huddleston harbored any lingering doubts about the issues that Gilda intended to raise, Gilda's appellate brief unambiguously identified her intent to challenge the trial court's decision to appoint Huddleston receiver, and several months elapsed between when Gilda filed her brief and when Huddleston filed her brief. Thus,

5

Huddleston had an opportunity to request that the reporter's record be supplemented with additional trial court proceedings, including the hearing at which the parties apparently litigated the property division, which preceded the trial court's order appointing Huddleston receiver, and she does not argue that she had insufficient time to prepare her arguments or that she was otherwise prejudiced. Therefore, because Huddleston could have designated additional trial court proceedings that she may have considered relevant to the issues raised by Gilda but did not do so, and because she does not argue that she was prejudiced by Gilda's failure to strictly comply with rule 34.6(c), we will implement rule 34.6(c)(4)'s presumption that the reporter's record as designated constitutes the entire record for purposes of reviewing Gilda's issues. *See* Tex. R. App. P. 34.6(c)(4); *Bennett*, 96 S.W.3d at 229–30.

The family code permits the trial court to appoint a receiver during a suit for dissolution of a marriage for the preservation and protection of the property of the parties. Tex. Fam. Code Ann. § 6.502(a)(5) (West 2006). We will not disturb the trial court's order appointing a receiver absent an abuse of discretion. *Norem v. Norem*, 105 S.W.3d 213, 216 (Tex. App.—Dallas 2003, no pet.). A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

At the hearing on November 20, 2009, Huddleston testified about her fees and the problems that she had encountered dealing with Gilda and Samuel when attempting to perform her duties as receiver. Although she acknowledged that Gilda's and Samuel's attorneys had told her not to proceed with the sale of the property, she explained that she only takes instructions from the trial court and that she had continued to perform services as receiver because she was abiding by the order of the court to do so. Gilda testified that she had informed Huddleston that she and Samuel did not want to sell the house, and Samuel testified that he told Huddleston that they were going to sell the property at a later date. Thus, the hearing consisted of Gilda and Samuel questioning Huddleston as to why she continued to perform receivership services after being told not do so and Huddleston explaining that she had an obligation to perform services as receiver until ordered otherwise. There was no testimony or evidence relating to whether the appointment of a receiver was necessary for the preservation and protection of the Brawleys' property. *See* Tex. Fam. Code Ann. § 6.502(a)(5).

Huddleston additionally argues that Gilda's first issue is unpersuasive because she did not pursue an interlocutory appeal of the order appointing a receiver, as she could have done, *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1) (West Supp. 2012); Tex. Fam. Code Ann. § 6.507 (West 2006), but Huddleston directs us to no authority holding that Gilda's decision to not pursue an interlocutory appeal of the order appointing a receiver somehow prohibits her from raising the same issue now in a direct appeal after a final

7

judgment has been entered.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (stating that a person "may" appeal from an interlocutory order under certain circumstances).

We hold that the trial court abused its discretion by appointing Huddleston receiver.  We sustain Gilda's first issue and do not address her second issue. *See* Tex. R. App. P. 47.1.  Having sustained Gilda's first, dispositive issue, we reverse the trial court's judgment awarding Huddleston receivership and attorney's fees and render judgment that Huddleston take nothing on her intervention for receivership fees.


BILL MEIER
JUSTICE

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

DELIVERED:  December 6, 2012